Henry Warren, *in Equity, versus* Samuel Shaw and als.

A bill in equity will not be dismissed for want of prosecution, where the delay occurs after the appointment of a master to take the testimony, and before his report, when the party complaining has made no effort to obtain an earlier publication of the proofs.

During such time the case is suspended in court, and if the master improperly delays to report, it is no more the fault of the plaintiff than of the defendant.

This action is a bill in equity, and the opinion of the court clearly recites the whole facts in the case.

*J. H. Webster*, counsel for plaintiff.

*E. Hutchingson*, counsel for defendant.

Tenney, C. J. It is shown by the bill, answers, and proof, that on July 14, 1834, one James Seco conveyed in mortgage the premises described in the bill, to Ebenezer Weston, who, on January 25, 1842, took legal possession thereof, for condition broken, and to foreclose the mortgage; that said Weston on April 26, 1842, duly assigned the mortgage to the the original defendants in this suit, and transferred the notes secured thereby; that the latter on the same day took possession of the premises, and have received the rents and profits thereof; that on October 13, 1837, said Seco conveyed the premises to one Sewall, excepting the north hundred acres thereof, and Sewall, on September 7, 1844, conveyed them to the plaintiff, who in October next following, duly requested the assignees of the mortgage, to render a true account of the sum due upon the notes, which the mortgage was given to secure, and an account of the rents and profits, or the fair value of the use of the premises; which accounts they neglected to render, and within three years from the time of the request and neglect aforesaid, this bill was duly filed.

A master was appointed at a term of the Supreme Judicial Court, begun and holden at Norridgewock in and for the

county of Somerset, on the Tuesday second after the fourth Tuesday of May, A. D. 1848, to take the testimony in the case, and to report the same. The master took the testimony on July 12th and 13th, 1848, and made report of the same at March term of said court, 1855, in the county of Somerset.

On August 8, 1855, the plaintiff filed in the clerk's office his bill of revivor, alleging among other things the death of the defendant, Wood, and that the same took place between the appointment of the master and the taking of the testimony by him, and the time of the report of the same to the court; and that the said Shaw, the other defendant in the original bill, was appointed administrator of the goods and estate of the said Wood deceased, and took upon himself the duty of administering the same, and became seized of the mortgaged premises, in trust for the widow and heirs of said Wood. And the said widow and heirs were made parties to the original bill, under said bill of revivor, which, with a subpœna to each, was duly served; but not appearing, they were defaulted at the Supreme Judicial Court holden on the third Tuesday of March, 1856.

It appears that the defendants, on February 6, 1855, filed with the clerk a rule to show cause at the next term of the court, why the bill should not be dismissed for want of prosecution, and gave due notice thereof to the plaintiff. This is a point presented to the court, sitting as a court of law and equity, on the ground that it was a matter of adjudication by an agreement of counsel. Assuming that this is a question before the court, which we do not intend to admit, it may well be doubted whether the prosecution of the suit, having been continued after the filing of the rule, without objection on the part of the defendants, there has not been a waiver of all right to be heard upon this matter, before the law court, or a court held in the county for the trial of jury cases. But the neglect complained of was after the appointment of the master, and before his report. During this time, the cause must be treated as suspended in court, for the tak-

ing and publishing of the proofs. If the master delayed improperly to make his report at an earlier time, it was no more the fault of the plaintiff than that of the defendants.

From the examination of the bill, answers and proof in the case, it is satisfactorily shown that the plaintiff is entitled to redeem the premises from the mortgage aforesaid, by paying such sum as shall be equitably due, by virtue thereof, if any, and the decree of the court is to be in accordance with the result of this opinion. R. S., chap. 125, sections 6, 16 and 18.

A master must be appointed to determine the amount equitably due from the plaintiff to the defendants; the amount of such sum as shall be found due from the defendants for rents and profits over and above the sums reasonably expended in repairing and increasing the value of the estate redeemed. R. S., chap. 125, sec. 22.