JAMES C. TURNER v. T. G. HAUGHTON, Adm'r., &c. and others.

In any proceeding, where it becomes necessary to take an account, and that account has been reported by the Commissioner to whom it was referred, the presiding Judge, if in his opinion such account is imperfect, may re-commit it to the same Commissioner, in order that it be reformed or perfected.

CIVIL ACTION, commenced by original bill in the Court of Equity of ROWAN county, for the purpose of settling a partnership, and in the meantime applying for an injunction, heard before *Cannon, J.*, at the Fall Term, 1873, of the Superior Court of said county, to which Court it had been removed as prescribed by law.

During the progress of this cause, since January, 1867, it was referred to a Commissioner to take an account of the partnership assets, which was done, and his report, with the excep-

tions thereto by the plaintiff, filed and came up for hearing at Fall Term, 1873. Before the exceptions were argued or disposed of in any manner, the plaintiff moved to re-commit the report to the same Commissioner, with certain instructions, which motion was opposed by defendants. His Honor allowed the motion, and sent the matter back to the same Commissioner. From this order the defendants appealed.

*McCorkle & Bailey,* for appellants.
No counsel *contra* in this Court.

READE, J. This was an equity suit before the Code to settle a partnership and for other purposes, and it was referred to one Henderson to take an account. It does not appear whether the reference was by consent, but it was without objection. The referee reported an account and the plaintiff filed exceptions and moved that it be re-referred to Henderson for certain purposes. The reference was made against the defendants' objection, and he appealed to this Court.

References are for the more effectual working out of details which the Judge, sitting in Court, is unable to investigate. They are usually made to the Master, unless by consent some other person is agreed on, which seems to have been the case in selecting Henderson, and there are very few cases of importance in which there are not one or more of such references. Adams' Eq. 379.

When the report of the referee came in and was imperfect, there can be no doubt that the Court had the power to recommit to him to reform it. And this seems to be the matter complained of. This is not a compulsory reference unless the first was so, which seems not to have been the case. But if it was a compulsory reference, it deprives the defendant of no right, because upon the coming in of the report he can have an issue and a jury. At least that would be so if this were not an old bill to be governed by the old rules up to and including final judgment. And under the old rules in equity

cases, the parties had not the right to demand a jury, but the defendant can raise all his defences by exceptions to the report, and, if necessary, the Court will order a jury.

There is no error.   This will be certified, &c.

PER CURIAM.                              · Order affirmed.