CATHARINE GORMERLY, Appellant, *v.* SARAH McGLYNN et al., Respondents.

The provision of the Code of Civil Procedure (§ 17) authorizing a convention of the General Term justices and the chief judges of the Superior Court to establish rules of practice, does not empower said convention to alter, modify or annul any rule of practice established by the Code, but simply to make such other rules as shall be deemed necessary and as are in harmony with the provisions of the Code.

The provision of said Code (§ 1023) fixing and determining the practice as to findings by the court or a referee, and providing that requests to find shall be made and the proposed findings passed upon before the final decision or report, is inconsistent with that portion of rule 32 as it stood prior to the last amendment (adopted December 17, 1880 ; went into effect March 1, 1881), which authorized findings of fact upon settlement of the case, and rendered so much of said rule inoperative.

(Submitted February 1, 1881 ; decided March 1, 1881.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, made November 22, 1880, which affirmed an order of Special Term denying a motion on the part of plaintiff, that the case herein be sent back to the referee for the purpose of resettling the same.

Upon settlement of the case defendants' counsel requested and the referee made a number of additional findings of fact.

*S. V. Lowell* for appellant.

*James Crumbie* for respondents. The new Code does not change the former practice of obtaining findings of fact in the

settlement of a case when the action is tried before a judge
or referee. (Code of Civil Procedure, § 1023, and note.)

FINCH, J. This appeal presents for our decision the question
whether section 1023 of the Code of Civil Procedure is incon-
sistent with rule 32 of the Rules of the Supreme Court, as it
stood prior to the amendment made at the last meeting of the
justices of that court. The rule permitted a party, after the
report of a referee or the decision of a court, upon the settle-
ment of a case, to present proposed findings of fact, and the
justice or referee was thereupon required to pass upon such
questions of fact so presented by either party as should be
material to the issue. The practice under this rule, in cases
where the referee refused to make additional findings, became
awkward and inconvenient. No exception to such refusal
would lie, and the remedy of the party aggrieved was by
motion in the court below for an order sending back the report
with instructions requiring findings upon questions decided to
be material. (*Rogers* v. *Wheeler*, 52 N. Y. 262, etc.) In the
revision which produced the Code of Civil Procedure, this in-
convenience was sought to be remedied. By section 993 it
was provided that a refusal to make any finding whatever,
upon a question of fact where a request was seasonably made
by either party, is a ruling upon a question of law. If the
change had stopped here, its only effect would have been that
a new and additional remedy would exist in the case of a refusal
to make the findings upon a material question of fact. But the
change went further. By section 1023 it was provided that
before the cause is finally submitted to the court or referee, or
within such time afterward, and before the decision or report is
rendered, as the court or referee allows, the attorney for either
party may submit, in writing, a statement of the facts which
he deems established by the evidence and of the rulings upon
questions of law which he desires the court or referee to make.
It is then made the duty of such court or referee, at or before
the time when the decision or report is rendered, to pass upon
such proposed findings, and note his disposition of them in the

margin.   The justices of the Supreme Court derive their authority to make rules of practice from section 17 of the Code of Civil Procedure, but their power to do so is limited to such rules as are not inconsistent with that act.   The evident purpose was, not to enable the convention of justices to alter, modify or annul any·rule of practice established by the Code, but merely to make such others, not therein provided for, as should be deemed necessary, and should be consistent and in harmony with the provisions of the Code.   When, therefore, the legislature, by section 1023, fixed and determined the practice as to findings of the court or referee, and provided that the request should be made and the findings passed upon before the final decision or report, the provision was an evident disapproval of the practice permitted by rule 32, which allowed such requests and findings after the decision or report, and upon the settlement of the case, and made that rule inoperative.·   The provisions of section 1023 as to the time of presenting requests and the required action of the justice or referee were unnecessary and improper, if rule 32 was to remain in force.   Its evident purpose was to change the practice in that respect and not permit an application for findings, or compel a decision upon them, after the final disposition of the case.   This intention is made more clear by the provision that any extension of the time within which to ask for findings beyond the submission of the case is to be controlled by the court or referee, but is not to reach beyond the rendering of the decision or report.   The purpose to keep within that limit is very apparent.   We held in *French* v. *Powers* (80 N. Y. 146) that rule 34 of the Supreme Court, which required a case to be served within ten days after written notice of the decision or report, in an action tried before the court or a referee, was in conflict with section 268 of the Code, and consequently inoperative.   The effect of the rule there was to shorten the time given by the Code for filing exceptions.   The effect here is to lengthen it, and without the consent of the court or referee, which the Code makes essential within its restrictions.   This view of the conflict between the rule and the Code has been sustained by the General

Term of the third department (*Palmer* v. *The Phœnix Ins. Co.*, 22 Hun, 224), and we think correctly. The rule itself has been changed by the recent convention of justices, so as to correspond with the provisions of the Code. The revisers' note to section 1023, to which our attention is called, and which is said to declare a purpose not to abolish the practice under rule 32, has been too broadly interpreted. It says only that the method of proceeding, by motion, to compel findings, where the referee refuses to make them at all, has not been abolished, but a more prompt and simple remedy in that respect has been provided. We are of opinion, therefore, that the order of the General and Special Terms, denying the motion for a resettlement of the case, should be reversed, and the motion be granted, but without costs, as the question is new, and reliance upon the rule of the Supreme Court was not unreasonable.

All concur.

Ordered accordingly.