LEONARD Y. GARDINER AND MELVIN J. THOMAS, RESPONDENTS, v. GABRIEL SCHWAB AND OTHERS, APPELLANTS.

*Practice — a report cannot be sent back to a referee for additional findings — Code of Civil Procedure, sec. 1023 — General Rule No. 32.*

Since the adoption of section 1023 of the Code of Civil Procedure and the last amendment to General Rule No. 32, the report of a referee cannot be sent back to him with instructions to make additional findings of fact or conclusions of law.

APPEAL from an order made at a Special Term, remitting the report made by the referee, before whom this action was tried, to him with instructions to add to his report and make a report of his findings as to certain questions of fact specified in the order.

This action was tried before a referee who made his report on the 24th day of June, 1884, and delivered it to the attorney for the plaintiffs, the successful parties, and the attorney for the plaintiffs served a copy of the report upon the attorney for the defendants.

On the 5th day of August, 1884, the plaintiffs applied at Special Term for an order sending back the report to the referee for further findings of fact, which motion was denied. The motion was renewed before the same judge on the 7th day of October, 1884, upon additional papers and a letter written by the referee to the attorney for the plaintiffs, stating that he had found certain facts which were not included in the report of the referee.

Upon these papers an order was granted, sending back the report of the referee for further findings of fact.

*Theodore H. Swift*, for the appellants.

*W. L. Van Denbergh*, for the respondents.

BY THE COURT.

In *Gormerly* v. *McGlynn* (84 N. Y., 284) it was held that section 1023 of the Code Civil Procedure had abolished that part of Rule 32 as it then existed which permitted findings of fact to be made on the settlement of a case. That rule has now been modified to conform to those sections. And it has further provided that

after a court or referee has made and settled the findings and conclusions requested before the submission of the action for decision, he shall not make additional findings of fact or conclusions of law. This new provision in Rule 32 did away with the practice which had existed of sending a report or decision back to the referee or court for further findings or conclusions. It was felt that after an action had been once decided by the court or referee, it was dangerous to permit an attempt to modify the decision by new findings or new conclusions; that the report or decision was like the verdict of a jury after they had been discharged. If the referee or the court is to make further findings or conclusions, is there any reason why the parties should not be heard before him as to those findings and conclusions? This would result in a retrial. We cannot limit the matter, and say that the report or decision may be sent back to remedy accidental omissions. If sent back at all, why may not the court or referee change his former findings and conclusions altogether; or at least add such findings and conclusions as will quite reverse the former result. In the late revision of rules the justices deemed the practice unsafe and did away with it; if indeed it was not done away with by sections 1023 and 993, the revisers note to the contrary notwithstanding. This is the view taken in *Bame* v. *Neuss* (2 Civ. Pro. R. [Browne] 185) by the General Term of the First Department. *Palmer* v. *Phœnix Insurance Company* (in this dept., 24 Hun, 138) held that the court or referee could not be permitted to make additional findings of fact or law on the settlement of the case. That decision by analogy applies here.

Order reversed, with ten dollars costs and printing disbursements, and motion denied with ten dollars costs.

Present. — LEARNED, P. J., BOOKES and LANDON, JJ.

So ordered.