IN THE MATTER OF THE JUDICIAL SETTLEMENT OF THE ACCOUNTS OF EDWARD BAYER, AS ADMINISTRATOR, ETC., WITH THE WILL ANNEXED OF MARTIN BAYER, DECEASED.

*Surrogate — power of, to send back a referee's report upon the account of an administrator, for further findings — section 1023 of the Code of Civil Procedure is not applicable to special proceedings.*

Where the account of an administrator is contested, and the issues are referred to a referee to hear and determine and report thereon, pursuant to section 2546 of the Code of Civil Procedure, the surrogate has power, upon the coming in of the referee's report, to send the same back to the referee with directions to pass upon any questions of fact not covered by his report.

The provision of section 1023 of the Code of Civil Procedure, prohibiting the court or a referee from making further findings of fact, or as to questions of law, after the decision or report has been made, is limited in its application to cases where the issues arise in an action on the pleadings, and is not applicable to special proceedings.

APPEAL by Edward Bayer, as administrator, from a decree of the surrogate of Monroe county of December 31, 1888, adjudging him indebted to the estate of the decedent in the sum of $1,565.24, and from the order of said Surrogate's Court of December 12, 1888, confirming the referee's report herein, and from the order of said Surrogate's Court of October 31, 1888, denying the application of Edward Bayer for an order sending back said report to the referee for further findings. The account as rendered by the administrator was contested by one of the legatees named in the will, and the issues were referred to a referee to hear and determine and report thereon, pursuant to the provisions of section 2546 of the Code of Civil Procedure. On the coming in of the report, and before the same was confirmed by the surrogate, the appellant made an application to have the same sent back to the referee to pass upon certain questions of fact not ruled upon in his report. This motion was denied by the surrogate, upon the sole ground that he had no authority to make the order, and was prohibited from granting the application by the provisions of section 1023 of the Code of Civil Procedure, as no requests to find had been submittted to the referee prior to making his report. This order the appellant seeks to review on this appeal. The other facts which bear upon the question considered by the court are stated in the opinion.

*J. M. Dunning*, for the appellant.

*George F. Yeoman*, for the respondent.

BARKER, P. J.:

Before the questions presented by this appeal relative to the merits are considered, an error in procedure should be corrected so that the appellant may be able fully to present his case on the state of facts, which he insists were fairly established by the evidence presented to the referee. The appellant had been by the order of the surrogate removed as administrator of the estate of the decedent and ordered to render an account of the moneys which he had received and paid out in his representative capacity. We think the learned surrogate was mistaken in supposing that the provisions of section 1023 were applicable to this case, and that he had no power to remit to the referee his report for further findings on questions

of fact. The findings of fact as contained in the report are very general, and from them it is impossible to determine how the referee disposed of certain material questions of fact for which the appellant contended, and which the evidence tended to support. After the order was made, refusing to send back the report, the respondent moved for its confirmation, and the surrogate .modified the report by crediting the appellant with an item of $100, and as modified confirmed the same. We are unable to find any statute denying the surrogate the power when a proper case is made for sending back to the referee the report to make corrections, and to pass upon questions of fact not noticed in his report. It was the settled practice of this court prior to the adoption of section 1023, when the referee's report failed to pass upon the material questions of fact involved in the issues, to require him to do so, upon application of either party. That section provides, that when the referee has rendered a decision he shall not thereafter make additional findings of fact or rulings on questions of law. (*Gormerly* v. *McGlynn*, 84 N. Y., 284; *Gardiner* v. *Schwab*, 34 Hun, 582; *First Nat. Bank* v. *Levy*, 41 id., 461.)

The provision of this section prohibiting the court or referee from making further findings of fact or rulings on questions of law, after the decision or report has been made, is limited, in its application to cases where the issues arise in an action on the pleadings, and is not applicable to special proceedings. When questions of fact arise in any stage of the action, except on the pleadings, which the court is required to determine, and a referee has been appointed to try and determine the same, the court, on the coming in of the report, has the undoubted right, in a proper case, to send the same back to the referee to pass upon material questions of fact not determined by the report, or to set aside the report and order a retrial before the court. Such references are ordered for the purpose of informing the court as to the facts of the case in the matter pending before it, and if the report is unsatisfactory for any reason a further hearing may be ordered. The class of cases in which a reference may be ordered by the court, with or without the consent of the parties, for the purpose of aiding it in disposing of questions of fact, are enumerated in sections 1015, 1215 of the Code. It is provided, in section 1232, that in such cases where the reference has

been executed either party may apply for an order directing a new hearing, upon proof by affidavit that error was committed to his prejudice, upon the hearing or in the report, and in a proper case the application may be granted after judgment has been rendered. In such a case the judgment may be set aside, either then or after the new hearing, as justice may require. These rules are made applicable to all special proceedings in a Surrogate's Court, except for the probate, or the revocation of the probate, of a will. In section 2546 it is provided that the surrogate may, in his discretion, appoint a referee to take and report to the surrogate the evidence upon the facts, or on specific questions of fact; to examine an account rendered; to hear and determine all questions arising upon the settlement of such an account, which the surrogate has power to determine, and to make a report thereon, subject, however, to confirmation by the surrogate. It is also provided in the same section that the referee has the same power as a referee appointed by the Supreme Court for the trial of an issue of fact in an action, and that the other provisions of the Code, applicable to a reference by the Supreme Court, apply to a reference, made as prescribed in this section, so far as they can be applied, in substance, without regard to the form of the proceedings. There are other provisions on this subject indicating, very clearly, that the provisions of section 1023 do not apply to this case. It is declared, in section 2545, that when a trial takes place before a surrogate, and a case is made by an aggrieved party for the purpose of reviewing the rulings and proceedings of the surrogate, either party may, on the settlement of the case, request a finding upon any question of fact, or a ruling upon any question of law, and an exception may be taken to each finding or ruling. When questions of fact are tried before a referee, he, on the settlement of the case, also has the power, and it becomes his duty, to pass upon all requests made for additional findings, either of fact or of law. The referee is, to all intents and purposes, the surrogate, so far as respects the trial of the issues before him, and the mode and manner of settling a case prepared for the purpose of reviewing his findings. (*Matter of Niles*, 14 N. Y. St. Rep., 538.)

There it was stated, by the learned judge who prepared the opinion of the court, that findings of fact are to be presented in the settlement of the case, where the issues are tried before the

surrogate according to section 2545 of the Code, and that that provision applies when the case is tried by a referee. As the appellant in his moving papers made a case for the exercise of the judgment of the surrogate, whether the report of the referee should be sent back for further finding, he was entitled to a decision of his motion, on the merits, and the surrogate erred in holding that he had no jurisdiction to entertain the application. If the referee had made the additional findings of fact, which the appellant requested and which the evidence tended to support, it is not at all clear that the surrogate would have confirmed his report. After perusing the evidence it cannot fairly be said that the denial of the appellant's application for further findings did not affect the decree from which the appeal is taken, and the order is here to be reviewed, as provided in section 2571.

It is also stated, as indicating the effect which the order denying the motion may have had upon the subsequent proceedings, that on the settlement of the case the appellant presented requests in writing for further findings, which the referee refused to pass upon for the reason that they were not presented to him before he made his report, and that it was then too late for him to entertain the same. Upon the facts, as found by the referee, interesting legal questions are presented, which have not been examined with the attention which their importance demands, there seems to be no other way to cure the error we have pointed out, but to reverse the decree of the surrogate as well as the order denying the application to send the case back to the referee for further findings.

The decree and the orders are both reversed, with the costs of this appeal to abide the final award of costs.

DWIGHT and MACOMBER, JJ., concurred.

Decree and order appealed from reversed, with costs to appellant to abide the final award of costs.