GIBSON W. FAIRMAN, APPELLANT, v. CHARLES B. BRUSH AND ANOTHER, AS EXECUTORS OF JOHN McLAREN, DECEASED, RESPONDENTS.

*Referee — the court may require him to make further findings.*

The court has inherent power to send a case back to a referee, in order that he may make any further findings which the interests of justice may require.

This power is analogous to that exercised by the court over its judgments, records and proceedings, and there is nothing in sections 1022 and 1023 of the Code of. Civil Procedure which prevents the court from exercising it in such a case.

APPEAL by the plaintiff, Gibson W. Fairman, from an order entered in the office of the clerk of the county of New York, on the 4th day of April, 1891, denying his motion to require the referee in this action to make further findings.

*Theodore B. Gates*, for the appellant.

*B. Estes*, for the respondents.

BARRETT, J. :

There is nothing in sections 1022 and 1023 of the Code of Civil Procedure which deprives the court of power to require proper findings. These sections undoubtedly change the former practice whereby findings originally insufficient in form or indefinite in substance might be clarified upon the settlement of the case. This, was all that was decided in *Gormerly* v. *McGlynn* (84 N. Y., 284), where the revisers' note to section 1023 was referred to, and their view was seemingly approved, that the method of proceeding by motion to compel findings, where the referee refuses to make them at all, has not been abolished.

Cases where the power in question has been denied have proceeded either upon a misapprehension of what was decided in *Gormerly* v. *McGlynn*, or upon a too narrow view of what was contemplated by sections 1022 and 1023.

We have no doubt that the Special Term has power, in the interest of justice, to add to the findings made by it, and we think it equally clear that the court may remit his findings to a referee for a similar purpose. We so held in *McInerny* v. *Schultheis* (Law Journal,

April 22, 1891), and we see no reason for altering the opinion there expressed. This is a power which is so far inherent that it would require an express prohibition to deprive the court of its exercise. It is analogous to the power always exercised by the court over its judgments, records and proceedings in the interest of justice.

In the present case the application should have been granted. The finding that the plaintiff rendered services for the testator which the latter paid in full, is too indefinite to raise the questions. presented. The referee should have found specifically on each of the items of the plaintiff's demand, and then he should have specifically found the amount paid.

The order should be reversed, with costs, and the motion granted.

VAN BRUNT, P. J., and PATTERSON, J., concurred.

Order reversed, with costs, and the motion granted.