FARMERS AND MERCHANTS BANK, Defendant in Error, v. THOMAS McMULLEN, Plaintiff in Error.

Kansas City Court of Appeals, June 18, 1900.

1. **Appellate Practice: EXCEPTIONS: MOTION FOR NEW TRIAL.** Unless exceptions are taken and saved in the motion for a new trial, the action of the trial court can not be reviewed on appeal.

2. ———: RECORD PROPER: WRIT OF ERROR. On writ of error, the appellate court will examine the record proper though no exceptions are taken and no motion for a new trial filed.

3. Trial Practice: REFEREES: EXCEPTION: SECOND REFERENCE: DUTY OF COURT. If exceptions to the report of the referee are sustained the case may be again referred, but a second referee can not review the findings and report of the first, since that is the duty of the court which can not be delegated.

4. ———: ———: ORDER OF APPOINTMENT. A referee has no authority to go outside the power conferred upon him by the order of his appointment; and where he is ordered merely to review the findings of his predecessor, he can not hear the case anew on additional evidence.

5. ———: ———: APPEAL. It is suggested that the former referees in this case be both discharged and a new one appointed, since in some jurisdictions it is the practice not to refer to the same referee after a new trial granted upon an appeal.

Error to the Clay Circuit Court.—*Hon. E. J. Broaddus,* Judge.

REVERSED AND REMANDED.

*Dougherty & Dougherty, Farris & Son* and *Claude Hardwicke* for plaintiffs in error.

(1) The pleadings, orders of reference, the reports of referees (until rejected), the exceptions to the reports (until overruled or sustained), are parts of the record proper. Thomas v. Tanner, 14 How. Pr. (N. Y.), 426; 20 Am. and Eng. Ency. of Law (1 Ed.), 476, 477. (2) It appears from the record that the judgment was not based on a trial before a lawfully authorized tribunal. (3) If error appears on the record proper, such error, notwithstanding the absence of a bill of exceptions and motion for new trial, can be considered on writ of error. Jones v. Tuller, 38 Mo. 363; Railroad v. Carlisle, 94 Mo. 166; 20 Am. and Eng. Ency. of Law (1 Ed.), p. 484. (4) It was the duty of the court, upon the receipt

of the report of referee Clark, and the filing of exceptions thereto, to either accept or reject the report. R. S. 1889, sec. 2155. (5) The court had no authority, or jurisdiction, for the appointment of a second referee, when the exceptions to the report of referee Clark had not been sustained. R. S. 1889, sec. 2155. (6) The authority and jurisdiction of John L. Dougherty was limited by the order appointing him "referee," and he had no right to exceed such authority, or to try the issues. Sullivan v. Sullivan, 41 N. Y. Sup. Ct. 519; s. c., 52 How. Pr. 453; Stone v. Merrill, 43 Wis. 72; 1 Am. and Eng. Ency. of Law (2 Ed.), p. 999.

*Simrall & Trimble* and *Sandusky & Sandusky* for defendant in error.

(1) The court was authorized to refer this case on its own motion, and to conform, reject, or modify the report of the referee according to its judgment. State ex rel. Walker v. Hurlstone, 92 Mo. 327; Bender v. Matney, 122 Mo. 244; Tobacco Co. v. Walker, 123 Mo. 662. (2) No exception was taken nor saved at the time to the appointment of John L. Dougherty as referee, nor to the form of the order, nor afterward, there being no motion for new trial, and no bill of exceptions. It is too late to object now. Tobacco Co. v. Walker, 123 Mo. 662, 671; State ex rel. Walker v. Hurlstone, 92 Mo. 327, 331; Bender v. Matney, 122 Mo. 244, 254; Maloney v. Railroad, 122 Mo. 106, 113, 114. (3) The examination and report of Dougherty were intended to be supplemental to Clark's report. Maloney v. Railroad, 122 Mo. 106, 113, 114; Franz v. Dietrick, 49 Mo. 95. The judgment shows that it is based upon an "examination of all the facts and reports of referees herein." (4) "In the absence of an affirmative showing of error, the ruling of the trial court is presumed to be correct." 123 Mo. 663, *supra.*

The cases in 92 Mo. 327, *supra*; 123 Mo. 662, *supra,* and 83 Mo. 430, were all suits on bonds, and a compulsory reference was ordered.

ELLISON, J.—Defendant was cashier of plaintiff bank and there was a dispute between the parties as to whether defendant had in his hands moneys belonging to the plaintiff. Plaintiff brought this action on his bond as cashier for $10,000 and asked that he be adjudged to have in his hands $1,877.21 of plaintiff's money, and that execution issue for the latter sum. The matter was regularly referred to Robert J. Clark as referee. He made report in favor of defendant. Plaintiff filed exceptions thereto; and without passing on such exceptions and without either rejecting or approving the report, in whole or in part, and without discharging the first referee, the court made an order appointing John L. Dougherty as referee and defining his powers and duties in the following words:

"Now on this 10th day of March, A. D. 1898, come the parties, plaintiff and defendant, and this cause is submitted to the court upon the exceptions filed to the report of the referee herein; and the court, having heard the argument of counsel, and being sufficiently advised in the premises, orders and directs that John L. Dougherty of Clay county, Missouri, be, and he is hereby, appointed referee herein, and he is hereby ordered and directed to review the report submitted by the expert on behalf of the plaintiff herein, and also the report submitted by the expert on behalf of the defendants herein, and the report submitted by the expert on behalf of plaintiff in reply, and review the findings and report of the former referee, Robert Clark, and complete said report of said former referee in matters either of fact or law, according to his judgment, and make report herein at the next term of this court; and this cause is continued."

Vol. 85 app—10

Mr. Dougherty afterwards cited the parties before him and heard the case anew on evidence and found for the plaintiff in the sum of $1,612.23, a part of his finding (stated separately) being based on an amended petition which had been filed after adjournment of court and without an order therefor.   Defendant filed exceptions to his report which were overruled save as to that part based on the amended petition, and the report was approved in the sum of $1,107.72, for which judgment was rendered in plaintiff's favor.   There were no exceptions taken.to any action of the court.   There is therefore no bill of exceptions in the cause and it has been brought here by a writ of error on the record proper.

Some of the complaints made against the proceedings can not be noticed on account of defendant's failure to take exception and file a motion for new trial.   Wentzville Tobacco Co. v. Walker, 123 Mo. 662; Maloney v. Railway Co., 122 Mo. 106, 113.   Since the judgment will be reversed for other reasons it will not be necessary to examine such complaints in detail.

Notwithstanding there were no exceptions taken and no motion for new trial filed, yet we may examine the record proper and if error be found therein reverse the judgment and remand the cause.   Jones v. Tuller, 38 Mo. 363; Railway v. Carlisle, 94 Mo. 166.   We are of the opinion that such error appears in the case on the appointment and report of Mr. Dougherty considered together.   It will be observed that section 2155, Revised Statutes 1889, contemplates that exceptions to a report of a referee will either be overruled or sustained, and that if sustained, the case may be again referred.   We do not wish to be understood as stating that it is out of the power of the court (especially where no exception is taken) to order a second reference without taking action on the report of the first referee.   That question need

not be considered. But the second referee in this case was ordered to review the findings and report of the first referee and to complete said report.

The review of the finding and report of a referee is a duty which devolves on the court and which we think can not be delegated. If the action of the first referee may be reviewed, like action could be had on the second and so on. This is not a case where the second referee acted in an advisory capacity to the court on the report of the first referee. The second referee went over the whole case and made a report to the court as such referee and his report is approved and the judgment is bottomed thereon.

But conceding the propriety of appointing a second referee to review the finding and report of the first, yet the second referee here had no authority to go outside the power conferred upon him by the order of appointment and that was merely to review the findings of the first referee. It conferred no authority to hear the case anew on additional evidence.

If the report of the first referee was not complete it could have been referred back to him for the purpose of being completed, and then the report acted on by the court. If rejected, a new reference could, of course, be ordered.

Although no order appears discharging the first referee it might be contended that the appointment of the second operated as a discharge of the first. It would therefore perhaps save future complication to order the discharge of both and appoint some other person, as it seems to be the practice in some jurisdictions not to refer to the same referee after a new trial is granted on appeal.

The judgment is reversed and cause remanded. *Smith, P. J.,* concurs; *Gill, J.,* absent.