## SCOTT, Appellant, v. ADAMS EXPRESS COMPANY et al., Respondents.

### St. Louis Court of Appeals, January 2, 1906.

APPELLATE PRACTICE: Bill of Exceptions. Where the transcript of the record filed in the appellate court does not show that the bill of exceptions was filed in the trial court and no errors appear on the face of the record proper, the judgment must be affirmed.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher*, Judge.

AFFIRMED.

*Heober W. Adams* for appellant.

*Percy Werner* for respondents.

The matters objected to not having been made matters of exception during the term at which they occurred, there is nothing before the court for review except the record. Richardson v. Mechanical Ass'n, 156 Mo. 407; Smith v. Baer, 166 Mo. 392; Plefka v. Knapp-Stout & Co. Company, 166 Mo. 7; State v. Williams, 147 Mo. 14; Pace v. Shoe Co., 103 App. 662; O'Bannon v. Railroad 106 App. 316.

BLAND, P. J.—The suit is in replevin. The plaintiff furnished a delivery bond, which the sheriff approved, and the property in controversy was taken from defendant and delivered to plaintiff. Pending the proceedings the defendant moved the court to require the plaintiff to give an additional delivery bond. The motion was sustained and plaintiff was required to file an additional bond within ten days. She failed to comply with the order of the court by filing the additional bond and her suit was dismissed and judgment rendered, requiring the sheriff to retake the property replevied and deliver it to the defendant. Plaintiff appealed from this order and judgment.

There is nothing in the record or in the abstracts of the record filed in this court to show that a bill of exceptions was ever filed in the trial court, therefore, there is nothing before us for review but the record proper (Mirrilies v. Railway, 163 Mo. 1. c. 490; Bank v. McMullen, 85 Mo. App. 142; Finch v. Trust Co., 92 Mo. App. 263) and as no error appears upon the face of the of the record proper, the judgment must be affirmed.

The judgment is affirmed. All concur.