Robertson v. Wilson—Syllabus.

---

JOHN D. ROBERTSON, *Plaintiff in Error*, v. THOMAS WILSON, *Defendant in Error*.

1. Under our Constitution and Statutes, a referee is a judicial officer appointed by the Circuit Court; and, being substituted in the place and stead of the official judge, such referee has, over the case referred to him, all the powers of the court in which the cause is pending.

2. Delay in the prosecution of a suit is sufficiently excused where it is occasioned solely by official negligence without the contributory negligence of the plaintiff, especially where no steps were taken by the defendant to expedite the case.

This case was decided by the court En Banc.

Writ of error to the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*Hocker & Duval,* for Plaintiff in Error;

*H. L. Anderson* and *H. M. Hampton,* for Defendant in Error.

PARKHILL, J.—On the 4th day of May, 1909, the Judge of the Circuit Court for Marion County made an order and final judgment dismissing a cause then and therein pending, wherein the plaintiff in error was plaintiff and the defendant in error was defendant; and, on the 2nd day of June, 1909, the court overruled the plaintiff's motion to vacate and set aside the order of dismissal of May 4th, 1909. Thereupon the plaintiff sued out a writ of error, and assigns as errors the order of dismissal and the denial of the motion to vacate the order of dismissal.

The declaration was filed October 4th, 1902, the cause was dismissed for want of prosecution May 4th, 1909, after the lapse of six years and seven months. But this long delay was not caused by the plaintiff and may not be charged up to him. Thus, we see that although the plaintiff filed his declaration on the 4th day of October, 1902, the defendant did not file his pleas until the 17th day of June, 1903—a period of over eight months that ought to be charged up to the defendant, thus reducing the time of delay from six years and seven months to five years and eleven months. The defendant ran the risk of a judgment by default for about eight months, and on the 13th day of August, 1903, the plaintiff filed an amended declaration with the permission of the court and with the agreement that the pleas filed to the original declara-

26—Vol. 59

tion should stand as pleas to the amended declaration. On the 1st day of December, 1903, the plaintiff joined issue, and, on the 8th day of January, 1904, the cause was sent to a referee. Thus far the defendant was as much responsible for delay in the prosecution of this cause as the plaintiff and we may well call the account square up to this date.

The Referee caused the parties to appear and enter upon a trial. After considerable testimony had been taken in behalf of the plaintiff further hearing was adjourned, April 23, 1904, "subject to notice from the referee." On the 25th day of August, 1904, the plaintiff propounded to the defendant certain interrogatories, serving copy of same on the defendant, who filed objections thereto on the same day. Although the hearing was adjourned April 23, 1904, subject to notice from the referee, nothing further was done by him in this matter until the 25th day of February, 1907, a period of two years and ten months, when the referee resigned. During this time, the plaintiff made repeated efforts to speed the cause. It appears from the uncontradicted affidavit of R. McConathy, Esq., counsel for the plaintiff, "that immediately after the plaintiff testified before the referee in this cause in his own behalf, the objections filed by the defendant to interrogatories propounded to him in this cause came on for hearing before the then referee in this cause. * * * That upon the hearing of objections to said interrogatories it was agreed by all of the parties that counsel for the respective parties should be permitted to file brief in support of arguments upon said objections to said interrogatories, and that within a very short time after said argument counsel for the plaintiff filed such briefs, and that thereafter, beginning within a few weeks after the filing of such briefs, affiants applied to the referee in this cause * * * to make some disposition of said objec-

tions and ruling upon the same, and thereafter affiant, from time to time, at intervals of a few weeks, called the matter to the attention of the said referee and requested a ruling thereon, which request affiant continued to make from time to time at short intervals until a short time prior to the resignation of the referee in this cause." During this time it does not appear that the defendant did anything to speed the cause. This delay will be excused as it was occasioned solely by the official negligence without the contributory negligence of the plaintiff, especially as no steps were taken by the defendant to expedite the case. Warren v. Shaw, 43 Me. 429; In re McDevitt, 95 Cal. 17, Pac. Rep. 101, 6 Pl. & Pr. 917.

On the 25th day of February, 1907, by consent of parties, another practicing attorney of the court was appointed to try the cause. On the 25th day of May, 1907, upon motion of defendant the referee dismissed the cause for want of prosecution. On the 24th day of June, the plaintiff by counsel moved the referee to set aside this order of dismissal. After waiting a long time, until the 12th of December, 1907, the referee granted the motion in the following words: "Having examined the record and read the affidavits above mentioned, the referee is of the opinion that, under the circumstances there has not been such failure to prosecute the action on the part of the plaintiff as would justify its dismissal for that reason." Clearly the plaintiff may not be charged with the delay occasioned by the referee's holding this motion under advisement.

The defendant in error contends that when the referee dismissed this case for want of prosecution in May, 1907, he was powerless to reinstate the same, and had no right other than to entertain a motion for new trial or to settle a bill of exceptions, and that "there was nothing in fact to be dismissed by the court in May, 1909, when the order of dismissal was entered, because it stood dismissed at

the time," and "there could have been no error in dismissing the case by the court in May, 1909, because in fact there was no case to be dismissed." We cannot agree with this contention.

Under our constitution and statutes, a referee is a judicial officer appointed by the circuit court; and, being substituted in the place and stead of the official judge, such referee has, over the case referred to him, all the powers of the court in which the cause is pending. Rushing v. Thompson's Exers., 20 Fla. 583; State *ex rel.* Sanchez v. Call, 36 Fla. 305, 18 South. Rep. 771. The referee, then, would have the same power to dismiss and reinstate a cause as the court appointing him would have.

And so we come on down towards the 11th day of April, 1908, when this referee resigned. Prior to this resignation, according to the affidavit of Wm. Hocker, Esq., of counsel for the plaintiff, "within a very short time after the making of the said order by the said referee on the 12th day of December 1907, affiant consulted with said referee for the purpose of getting him to fix a date for the trial of said cause," but that the referee "informed affiant that he * * * did not care to try said cause, but gave affiant no reason for such statement, and did not inform affiant definitely that he did not intend to act as referee in said cause."

Five years, four months and seven days have now passed since the plaintiff filed his declaration.

The affidavit of L. W. Duval, Esq., of counsel for the plaintiff represents that affiant called on the referee and requested him to set a date for trial, but that said referee informed affiant that he intended to resign as referee; that thereafter the said referee attempted to resign, and on the 11th day of April, 1908, filed a paper purporting to be his resignation as such referee; that prior to the Fall Term of the Circuit Court in and for Marion County,

to-wit, on or about the 28th day of November, A. D. 1908, affiant requested the clerk of the circuit court of Marion county to docket the above styled cause for trial at the Fall Term of the Circuit Court for Marion County; that the said clerk through oversight failed to docket the said cause, that thereafter to-wit, on the 19th day of December, A. D., 1908, in open court, during the Fall Term of the circuit court for Marion county affiant spread upon the motion docket a motion to docket for trial the said above entitled cause; that thereafter to-wit, on the 12th day of February, A. D. 1909, the motion of defendant to dismiss the said cause came on to be heard and the judge of the above styled court on said date made an order reciting that the said cause was still before the referee, refusing to entertain the said motion, and that he had no jurisdiction of the matter; that affiant immediately after the adjournment of the said term of the court approached the referee   *   *   *   and requested him again to fix a date for the trial of the said cause, but that the said referee declined to serve, and at that time signed a paper purporting to be his resignation as referee; which paper is found among the records in this cause and was filed on the 18th day of March, A. D. 1909; that when the said last named paper was presented by affiant to the Judge of the above styled court, the said judge made an order on that day, which order is found among the files in said cause, refusing to accept the resignation and directed the referee to fix a day and speedily dispose of the case; immediately affiant called upon the referee and insisted upon some date being fixed for the trial of said cause, but the said referee absolutely refused to act as such referee and filed such refusal on the 18th day of March, A. D., 1909; that on the 30th day of April, A. D., 1909, affiant filed with the clerk of the circuit court of the above court praecipe for the docketing of the above styled cause for trial at the

Spring Term of the Marion county circuit court for 1909, and that the said cause was docketed in accordance with said praecipe; that when the said cause was reached on peremptory call of the docket, plaintiffs announced ready for trial and defendant's attorney stated that he would make a motion to dismiss the said cause; and that said motion to dismiss was not called up or presented until the plaintiff had announced ready for trial at said term.

On the 5th day of February, 1909, the Judge of the Circuit Court refused a motion to dismiss this cause, because the same was not before his court.

On the 17th day of March, 1909, the defendant moved the Judge of the Circuit Court "to dismiss the said action for want of prosecution."

On the 18th day of March, 1909, the Judge of the Circuit Court refused the accept the resignation of the referee, but directed him to proceed "to speedily dispose of this cause; and if not done to show cause before this court on or before the first day of April, 1909, why he does not do so." On the same day the referee "declined to longer act as such referee."

On the 30th day of April, 1909, the plaintiff filed his praecipe: "The Clerk of the Circuit Court of Marion County will please place upon the docket for trial at the Spring Term, 1909, of the Circuit Court for Marion County the case of John D. Robertson v. Thomas Wilson."

On the 4th day of May, 1909, during the term of the said court, upon the peremptory call of the docket, this case being reached, the plaintiff announced ready for trial. The defendant made a motion to dismiss said cause for want of prosecution, the motion was granted and the cause dismissed. On the 29th day of May, 1909, during the term of the court, the plaintiff moved the court to set aside and vacate the order dismissing this cause, but the court overruled the motion.

We think the court erred in dismissing this cause on the 4th of May, 1909. At the very first term of court, after, it seems, the plaintiff had succeeded in restoring the case to the docket of the circuit court and announced ready for trial the same was dismissed. It is little to be wondered that the court and all the parties should have become weary of the long delay, but we do not think, under the circumstances, the responsibility therefor should be visited upon the plaintiff.

The judgment is reversed.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, J., absent on account of illness;

HOCKER, J., takes no part.