SATTES-WEIMER LUMBER COMPANY v. BOWEN; *et vice versa.*

ATKINSON, J. 1. "In all cases, unless modified by the order of appointment, in addition to the matter specially referred the auditor shall have power to hear demurrers, allow amendments, and pass upon all questions of law and fact." Civil Code, § 5129. "The auditor shall make an accurate report of all motions made before him and of his rulings thereon, and reduce to writing a brief of the oral and documentary evidence submitted by the parties. But at the request of either party, any original document introduced in evidence shall be properly identified and attached to the report in lieu of a brief thereof." Civil Code, § 5131. "After hearing the evidence and argument, the auditor shall file the evidence and a report, in which he shall clearly and separately state all rulings made by him, classify and state his findings, and report his conclusions upon the law and facts." Civil Code, § 5133. "For indefiniteness, omissions, errors of calculation, failure to report evidence, errors of law, or other proper cause, the judge may recommit the report for such further action as may be proper," etc. Civil Code, § 5139. It follows that the report of an auditor which confused and did not clearly state the rulings on questions raised by demurrer, failed to state items going to make up a gross sum allowed one of the parties, and, relatively to other matters, did not clearly and separately state the rulings by him and classify and state his findings, but commingled the findings of fact and of law, was not in compliance with the provisions of the statute, and should, upon motion of the party dissatisfied, have been recommitted for the purpose of requiring the auditor to rule definitely upon the questions raised by demurrer, and to clearly and separately state all his rulings, and to classify them into findings of law and findings of fact, and, after so doing, to report his conclusions of the law and the facts to the court. *Greer* v. *Andrew,* 133 *Ga.* 202 (4, 5) (65 S. E. 416); *Southern Pine Co.* v. *Dickey,* 136 *Ga.* 662 (71 S. E. 1110); *Smith* v. *Wilkinson,* 143 *Ga.* 741 (85 S. E. 875). The report of the auditor in this case failed to comply with the provisions of the code sections cited above, and on this account the court erred in refusing to recommit the report upon the motion of the plaintiff in error, based upon such failure.

2. In view of the foregoing, we do not deem it proper to pass upon any of the other assignments of error. After the report has been recommitted and another report made in accordance with the rulings we have announced, either party will be at liberty to take such exceptions as are proper.

*Judgment reversed on the main bill of exceptions. Cross-bill dismissed. All the Justices concur.*

NOVEMBER 17, 1916.

Exceptions to auditor's report. Before Judge Fite. Gordon superior court. December 1, 1915.

*J. G. B. Erwin Jr.* and *F. A. Hooper,* for plaintiff in error in main bill of exceptions.

*F. A. Cantrell* and *Maddox, McCamy & Shumate,* contra.