[Civ. No. 2694. Third Appellate District.—July 3, 1923.]

THOMAS B. LEEPER et al., Petitioners, v. THE SUPERIOR COURT OF SACRAMENTO COUNTY et al., Respondents.

[1] PROHIBITION—SALE BY RECEIVER IN FORECLOSURE PROCEEDING—APPEALABLE ORDER.—An order authorizing the receiver appointed in a proceeding to foreclose a deed of trust and a mortgage to sell certain property and businesses of the mortgagor (the grantor in the deed of trust) is an appealable order; and that remedy being plain, speedy, and adequate, a writ of prohibition will not issue to restrain the execution of such order.

APPLICATION for a Writ of Prohibition to restrain a sale by a receiver. Denied.

The facts are stated in the opinion of the court.

Thomas B. Leeper and Charles H. Crocker for Petitioners.

Devlin & Devlin and T. A. Farrell for Respondents.

HART, J.—This is an application for a writ of prohibition to prohibit and restrain the defendants from causing to be sold and selling the certain properties described in the petition. An alternative writ or order to show cause was issued, and on the return day thereof the defendants filed both a demurrer and an answer to the petition.

It appears from the petition that on the thirteenth day of June, 1917, Herbert Shear, George Bonnefoy and F. R. M. Bloomer were, as copartners, the owners and in the possession of a wood and coal business in the city of Sacramento, known as the Pioneer Wood and Coal Company, and also a lime quarry, which was carried on under the name of the ''El Dorado Lime Quarry,'' said quarry being situated near the town of Shingle Springs, in El Dorado County; that on the said thirteenth day of June, 1917, said parties and one G. A. Starkweather entered into a written agreement whereby the former transferred to the latter all their right, title, and interest in and to all the properties mentioned upon the understanding and agreement that said Starkweather should and would, for the term of one year from the date of said agreement, conduct and manage said properties and businesses for the benefit of said copartners. The said agreement contains many details as to the manner of the management of said properties, and provides that at the end of the term of the same that Starkweather may, at his option, either form two separate and distinct corporations, the one involving or consisting of the wood and coal business and the properties thereof, and the other the quarry properties and business, or return the assets of said businesses remaining in his hands, after the payment of all debts and liabilities existing against either, to the above-named owners thereof or their assigns. It was further provided that Starkweather was to have sole and exclusive control of the properties and the businesses connected therewith for the term during which the agreement was to exist, and that he ''shall have absolute discretion to make contracts, borrow money, buy and sell property, pay off indebtedness and to do any other act and thing that he may deem necessary for the conduct of said business,'' etc.

It is made to appear by the petition that, after the making of the above-mentioned agreement, Starkweather organized

62 Cal. App.—47

a corporation under the name of "El Dorado Lime and Minerals Company," to which subsequently he caused to be transferred the quarry properties and business; that thereafter and on the first day of May, 1918, said corporation executed in favor of and delivered to the California National Bank, at Sacramento, a trust deed to secure a loan in the sum of one hundred thousand dollars, said deed of trust covering the properties of the lime and quarry business; that on the fifteenth day of April, 1921, the El Dorado Mines & Minerals Company executed and delivered to said National Bank a mortgage in the sum of forty thousand dollars upon the property of said corporation; that on the third day of May, 1921, the California National Bank brought an action in the superior court of the county of Sacramento against the petitioners and others "to foreclose said trust deed and the said mortgage." In said action the complaint alleged that the situation with respect to the properties above referred to and the businesses thereof was such as to call for the appointment of a receiver to take charge, *pendente lite,* of said properties and businesses, and upon an *ex parte* hearing of the application for the appointment of such receiver, said superior court made an order appointing one J. H. Bell a receiver to take charge of the properties of both the lime business and the wood and coal business. [1] Subsequently, and after several legal attacks were made by the petitioners in the superior court against the order allowing and appointing a receiver, the said superior court, upon an application being made therefor, made an order authorizing and appointing the said receiver to sell the property and the businesses of the wood and coal company, and fixed in said order a day certain for hearing the report of the receiver as to such sale and for the confirmation or rejection thereof. It is against the last-mentioned order, in so far as it authorizes the sale of the said properties, that the attack herein is aimed, it being the contention, as is to be implied from the nature of this proceeding, that in making said order the superior court transcended its lawful jurisdiction.

No appeal was taken from the order appointing the receiver nor from the order directing the sale of the properties. The petition herein was filed on the twenty-ninth day of May, 1923.

The writ of prohibition "arrests the proceedings of any tribunal, corporation, board, or person exercising judicial functions, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person." (Code Civ. Proc., sec. 1102.) "It may be issued by any court except police or justice's courts, to an inferior tribunal or to a corporation, board, or person, in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law." (Code Civ. Proc., sec. 1103.) If the petitioners have a plain, speedy, and adequate remedy by appeal, the writ will not issue. An appeal lies from an order appointing a receiver. (Code Civ. Proc., sec. 963.) In *California etc. Assn.* v. *Superior Court,* 8 Cal. App. 711 [97 Pac. 769], an application was made for a writ of prohibition to restrain the superior court and its receiver from selling certain property of the petitioner therein. The appellate court said: "An order for such sale would be so far independent of suit itself as to make the order therefor substantially a final decree for the purpose of an appeal. (*Los Angeles* v. *Los Angeles City Water Co.,* 134 Cal. 123 [66 Pac. 198].) An appeal lying from such an order, there can be · no need of a writ of prohibition, and it will not lie." In *Title Ins. & Trust Co.* v. *California etc. Co.,* 159 Cal. 484, 491 [114 Pac. 838, 840], after reviewing the decisions upon the subject, the court said: "From these decisions the following rules are clearly deducible. Where the order requires the payment of money by the party complaining (*Los Angeles* v. *Los Angeles City Water Co.,* 134 Cal. 121 [66 Pac. 198]; *Anglo-California Bank* v. *Superior Court,* 153 Cal. 753, 756 [96 Pac. 803]), or the doing of an act by or against him, the order is in effect final as against such party and may be appealed from by him." For the further history of the case and the decisions relevant thereto, see 164 Cal. 58 [127 Pac. 502], and 171 Cal. 227 [152 Pac. 554]. See, also, *Hildebrand* v. *Superior Court,* 173 Cal. 86, 89 [159 Pac. 147], and *Luckenback* v. *Krempel,* 188 Cal. 175 [204 Pac. 591, 592]. The order for the sale of defendants' property is certainly an order for "the doing of an act . . . against" them, because, if carried into execution, it will deprive them of the property ordered sold, and the order "is in effect final as against such party and may be appealed from." The writ of prohibition prayed for in this case, therefore,

will not lie, because an appeal affords a plain, speedy, and adequate remedy.

The demurrer to the petition is sustained, the writ discharged, the restraining order vacated, and the petition denied.

Burnett, J., and Finch, P. J., concurred.

A petition by petitioners to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 30, 1923.