[Civ. No. 4748. Second Appellate District, Division Two.—October 20, 1924.]

## THE APARTMENT AND HOTEL FINANCING CORPORATION (a Corporation), Petitioner, v. ARTHUR P. WILL et al., Respondents.

[1] REFEREES—EMINENT DOMAIN—MANDAMUS—PROHIBITION.—In an action in eminent domain, where it is stipulated that referees be appointed by the court to determine the issues and report findings and judgment, if the referees so appointed fail to report, a writ of *mandamus* will issue to enforce the order prescribing their duties; and a writ of prohibition will issue to restrain them from taking such proceedings as might be without or in excess of their jurisdiction.

[2] ID.—INCOMPLETE REPORT—RESUBMISSION.—It is the duty of referees to observe the terms of the order appointing them, the ultimate object of which is to furnish a satisfactory report, and if their report furnished is incomplete, and it fails to find on all the issues submitted to them, the court should send the report back with instructions to complete it.

[3] ID.—FAILURE TO FIND ON CERTAIN ISSUES—RESUBMISSION—PROHIBITION.—In a proceeding in eminent domain, where the referees appointed by the court (pursuant to the stipulation of the parties) to determine the issues and report findings and judgment fail to

---

2. Necessity that referee determine all matters submitted, note, Ann. Cas. 1916A, 359. See, also, 23 R. C. L. 302.

find upon three leasehold interests submitted to them, the resubmission to the referees of the matters overlooked by them is but a step in the procedure whereby the parties stipulated that evidence should be received and a judgment entered, and these matters being within the jurisdiction of the trial court and the referees, prohibition will not interfere.

[4] ID.—CORRECTNESS OF ORDER—APPEAL.—The question of the correctness of an order resubmitting to referees matters overlooked in their original report may be presented upon an appeal from the judgment.

[5] ID.—REGULATION OF PROCEDURE—PROHIBITION.—The writ of prohibition will not be used for the purpose of regulating or controlling procedure.

---

(1) 38 C. J., p. 632, sec. 132; 32 Cyc., p. 610 (Anno.).   (2) 34 Cyc., p. 881.   (3) 32 Cyc., p. 605.   (4) 4 C. J., p. 682, sec. 2582. (5) 32 Cyc., p. 605 (Anno.).

PROCEEDING in Prohibition against the resubmission to referees of matters overlooked in their original report.

The facts are stated in the opinion of the court.

E. O. Leake for Petitioner.

Jess E. Stephens, City Attorney, Robert J. Stahl, Deputy City Attorney, Harry Lyons and Denis & Griffith for Respondents.

CRAIG, J.—The city of Los Angeles instituted proceedings in eminent domain against the petitioner herein and others, and, issue having been joined, it was stipulated that referees be appointed by the court to determine the issues and report findings and judgment. Thereafter it was ordered that the respondents take the evidence to determine the issues and report to the court in writing their findings and a judgment.

Another suit was pending between Renno Brush and the petitioner herein, asserting a lien upon the leasehold interest of the latter in certain of the property sought to be condemned.

Hearings were conducted by respondents as referees, at which all the parties appeared, and a written report was

---

5. See 21 Cal. Jur. 580.

filed. Certain of the defendants excepted to the report, which exceptions were heard over the objection of petitioner, and the trial court ordered that said report be approved and confirmed in all respects except as to the value of the leasehold interest of the petitioning corporation, the interest of defendant Brush therein, and the leasehold interest of defendant Buchanan. The order of confirmation recited that the stipulated reference was general, and that the referees should therefore report their findings, conclusions of law and judgment separately, after determining the issues; that they had made no findings or conclusions as to Brush's interest; that their findings on the leasehold values were meager, and were based upon evidence "not warranted by law." The case was resubmitted to respondents for further proceedings, and petitioner moved to vacate and set aside this order, which motion was denied; petitioner now seeks a writ of prohibition against further proceedings of the referees, contending that their authority terminated with the filing of their report, and that they lost jurisdiction.

Respondents object to this proceeding upon the ground that they are not a tribunal, board, or person exercising judicial functions, within the contemplation of section 1102 of the Code of Civil Procedure, which provides that the "writ of prohibition is the counterpart of the writ of mandate. It arrests the proceedings of any tribunal, corporation, board, or person exercising judicial functions, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person."

In *Schoenberg* v. *Ulman*, 51 Misc. Rep. 83, 99 N. Y. Supp. 650, it was held that a referee is an officer who exercises judicial functions, and in *Robertson* v. *Wilson*, 59 Fla. 400 [138 Am. St. Rep. 128, 51 South. 849], it is said that a referee is a judicial officer appointed by the court, with all the powers of the court that the statute authorizes delegating to him. *In re Hathaway*, 71 N. Y. 238, 243, held that a referee is an officer exercising judicial powers under public authority. It was also held in *People* v. *Jefferds*, 4 Thomp. & C. (N. Y.) 398, that a writ of *mandamus* will issue to compel a referee to sign and file his report.

[1] Therefore, if the referees in the instant case had failed to report, a writ of *mandamus* would have issued to enforce

the order prescribing their duties. It follows that a writ of prohibition will issue to restrain them from taking such proceedings as might be without or in excess of their jurisdiction. [2] However, it is the duty of referees to observe the terms of the order appointing them, the ultimate object of which is to furnish a satisfactory report, and there is an abundance of authorities holding that if their report be incomplete, and it fails to find on all the issues submitted to them, the court should send the report back with instructions to complete it. (*Grout* v. *First Nat. Bank,* 48 Colo. 557 [21 Ann. Cas. 418, 111 Pac. 556]; *Boatmen's Bank* v. *Trower,* 171 Fed. 964; *Sattes-Weimer, L. Co.* v. *Bowen,* 146 Ga. 156 [90 S. E. 861; *Story* y. *De Armond,* 179 Ill. 510 [53 N. E. 990]; *Kossuth County Bank* v. *Richardson,* 141 Iowa, 738 [118 N. W. 906]; *Farmers & Merchants Bank* v. *McMullen,* 85 Mo. App. 142; *Cummings* v. *Tute,* 50 N. H. 22; *Taylor* v. *Woodward,* 10 N. J. L. 1; *Fairman* v. *Brush,* 60 Hun, 442 [15 N. Y. Supp. 44]; *Turner* v. *Haughton,* 71 N. C. 370; *Watkins* v. *Lang,* 17 S. C. 13.) Generally speaking, any omission from the report calls for a recommittal with instructions to supply the omission. (*Hosher* v. *Fitzpatrick,* 146 Ga. 535 [91 S. E. 780].)

Authorities holding that a referee's powers cease when his report is filed all seem to contemplate, as was said in *Arn* v. *Coleman,* 11 Kan. 461, quoted with approval in *Baca* v. *Unknown Heirs,* 20 N. M. 1 [Ann. Cas. 1918C, 612, 146 Pac. 945], that "when he has performed the duty imposed by that order he is *functus officio,*" but the referees in the case at bar wholly failed to find upon three alleged leasehold interests submitted to them, and as to those it must be said that they did not report. The trial court had jurisdiction of the subject matter before it, and the resultant power to require a complete report; were this not the rule a referee would automatically oust himself by filing a partial report, or indeed a mere pretense, from which the appointing court would have no recourse.

[3] The resubmitting of the matters overlooked by the referees was but a step in the procedure whereby the parties had stipulated that evidence should be received and a judgment entered, and these matters being within the jurisdiction of the trial court and of the referees, prohibition will

not interfere. In *Van Hoosear* v. *Railroad Com.*, 189 Cal. 228, 235 [207 Pac. 903], the supreme court said, quoting from High on Extraordinary Remedies, section 772: "The proper functions of a prohibition being to check the usurpation by inferior tribunals and to confine them within the limits prescribed for their operation by law, it does not lie to prevent a subordinate court from deciding erroneously, or from enforcing an erroneous judgment in a case in which it has a right to adjudicate. In all cases, therefore, where the inferior court has jurisdiction of the matter in controversy, the superior court will refuse to interfere by prohibition, and will leave the party aggrieved to pursue the ordinary remedies for the correction of errors, such as the writ of error or *certiorari.*"

[4] In this proceeding we need not decide as to whether or not the order complained of was erroneous. That question may be presented upon an appeal from the judgment. [5] The writ of prohibition will not be used for the purpose of regulating or controlling procedure. "To tolerate such a practice would be subversive of the purpose of the writ which is to restrain inferior tribunals and bodies from inflicting wrong under the guise of jurisdiction or authority which has no potential existence. It would invite intolerable delay and annoyance in every case where a jurisdictional question might perchance be incidentally involved, and make this prerogative writ the medium through which appellate courts could exercise supervisory control over inferior tribunals acting within the scope of their legitimate powers." (*Johnson* v. *Superior Court,* 4 Cal. App. 90, 93 [87 Pac. 211].) There is much authority in this state for the rule. (*Beaulieu Vineyard* v. *Superior Court,* 6 Cal. App. 242 [91 Pac. 1015]; *Leeper* v. *Superior Court,* 62 Cal. App. 738 [217 Pac. 811]; *Traffic Truck Sales Co.* v. *Justice's Court,* 192 Cal. 377 [220 Pac. 306].)

The order to show cause is discharged and the peremptory writ of prohibition is denied.

Finlayson, P. J., and Works, J., concurred.