ARTHUR SHERBURNE V. JOHN M. STRAWN *et al.*

1. PRACTICE — *Error Cured.* The court, having erroneously overruled a demurrer to the reply, is not by that error precluded from correctly deciding a motion for judgment on the pleadings.

2. REPLEVIN — *Property in Custodia Legis.* Property held by a defendant in a replevin suit under a redelivery bond is *in custodia legis*, and all parties claiming title derived through a subsequent purchase from him are bound by the final judgment in the case.

*Error from Harper District Court.*

ACTION in replevin, by *Sherburne* against *Strawn* and others. · At the January term, 1890, defendants had judgment, and plaintiff comes to this court. The opinion states the facts.

*George E. McMahon,* for plaintiff in error.

*Love & Snelling,* for defendants in error.

The opinion of the court was delivered by

ALLEN, J.: This action was brought by the plaintiff to recover possession of a certain gray mare. The defendants answered, in substance, that the mare was the subject of litigation in an action between defendant Strawn and one Halsey; that Halsey, pending the litigation, sold the mare to Whitney, and Whitney to plaintiff, Sherburne; that afterward judgment was rendered in favor of Strawn for the recovery of the mare; that upon such judgment an execution was issued commanding the defendant Gardner, as sheriff, to take the property and deliver it to Strawn, plaintiff in that case; that Gardner, as sheriff, found said mare in the possession of the plaintiff, and took and delivered the same to Strawn. The reply admits the allegations of the answer with reference to the former suit and its determination. Defendants demurred to the reply. The court overruled the demurrer. Afterward, the defendants moved for a judgment on the

pleadings.   This motion was sustained, and judgment entered in favor of the plaintiff.

It is contended for the plaintiff in error, that the sufficiency of the reply having been determined favorably to the plaintiff on the demurrer thereto, it could not be again considered by the court.   This contention is not sound.   The court retained complete jurisdiction over the case until final judgment, and had ample power to correct its former ruling on the demurrer, if erroneous.   The answer shows that at the time Whitney, under whom the plaintiff claims, bought the mare from Halsey, it was the subject of litigation in a suit then pending, and held under a redelivery bond given by Halsey.   It was therefore *in custodia legis,* and all parties attempting to purchase any interest therein were chargeable with notice of the rights of the plaintiff in that action. (*National Bank v. Gerson,* 50 Kas. 582.)   It was held in *Turner v. Reece,* 22 Kas. 319, that

"Where a defendant in a replevin action executes a redelivery undertaking to the plaintiff, and receives a return of the property from the sheriff, the title to the property during litigation remains the same as it was before, in every respect, except the defendant and those holding under him obtain thereby the right of possession, and such possession cannot be rightfully disturbed by the plaintiff." See, also, *McKinney v. Purcell,* 28 Kas. 446.

Halsey, under his redelivery bond, was bound to turn the property over to Strawn in case judgment should be rendered in his favor.   No sale by him could defeat Strawn's rights, nor convey to the purchaser any greater rights that he himself had.   Nor does the intervention of an intermediate purchaser between Halsey and the plaintiff alter the case.   The plaintiff, having bought the property which was the subject of litigation at the time of his purchase and *in custodia legis,* is bound by the final judgment of the court in which the action was pending.   The identity of the property in this and the former action is clearly alleged by the answer, and admitted by the reply.

Judgment affirmed.

All the Justices concurring.