[Civ. No. 282.　Third Appellate District.—July 9, 1906.]

## JOSEPHINE A. C. JOHNSTON, Petitioner, v. SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent.

ESTATES OF DECEASED PERSONS—CONTEST BETWEEN APPLICANTS FOR LETTERS—JURISDICTION—PROHIBITION—REMEDY BY APPEAL.—The writ of prohibition will not lie to prevent the superior court from determining a contest between rival applicants for letters of administration of the estate of a deceased person, over which it has jurisdiction, and in which the questions of heirship and degree of kinship to the deceased are at issue, and necessarily involved; and any errors of law or ruling as to pleading or proof committed by the court in the exercise of its jurisdiction over the contest are reviewable and correctible only through the ordinary remedy by appeal.

PETITION for a writ of prohibition to the Superior Court of Sacramento County.   P. J. Shields, Judge.

The facts are stated in the opinion of the court.

C. M. Beckwith, and A. L. Shinn, for Petitioner.

White & Miller, for Respondent.

McLAUGHLIN, J.—Petition for writ of prohibition.

Petitioner and one Frank A. Edinger, are rival applicants for letters of administration of the estate of William Johnston, deceased.   The petition of Edinger was first filed and it is therein alleged that the sole heirs at law of said deceased are two daughters and one son, all of whom have signed and filed a written request that he be appointed administrator. The petitioner, however, in her answer to Edinger's petition, and in her application for letters, alleges that she is the surviving wife of decedent, having been married to him about two months prior to his death.   Edinger, in his answer to her petition for letters of administration, denies that petitioner was ever married to decedent, or is one of his heirs at law, and further denies that she is a competent or proper person to have charge of his estate.   The denials are specific, and are followed by affirmative allegations to the effect that petitioner, since 1893, has been and now is the lawful wife of one J. West Goodwin, and that decedent for more than one year prior to his death was mentally incompetent, and being entirely without understanding or capacity to comprehend or enter into any contract was incapable of entering into the marriage relation with petitioner.

Upon the issues thus made the cause came on for hearing before the respondent court, and petitioner seeks, through the medium of the writ here applied for, to restrain the trial court from hearing, determining, or receiving evidence relating to the competency of decedent to enter into the marriage contract with the petitioner.

It is well settled that the writ of prohibition will not issue to arrest the proceedings of an inferior tribunal, unless such proceedings are without or in excess of the jurisdiction of

such tribunal, and there is no plain, speedy and adequate remedy in the ordinary course of law. (Code Civ. Proc., secs. 1102, 1103; *Maurer* v. *Mitchell,* 53 Cal. 292; *White* v. *Superior Court,* 110 Cal. 58, [42 Pac. 471].) That the respondent court has jurisdiction of the probate proceedings and contest is admitted and if it has such jurisdiction it certainly has power to hear and determine every question relating to the respective claims of the applicants for letters of administration. This petitioner seems to concede, but contends that the court cannot go behind the ordinary proof and authentication of marriage to inquire into and pass upon the mental competency of the decedent at the time the marriage ceremony was performed, and many authorities are cited in the able and exhaustive arguments on this point. We think, however, that it would be improper for us to discuss or attempt to decide the interesting question thus presented, for even if the soundness of petitioner's contention in this behalf be conceded, we are thoroughly convinced that prohibition cannot be invoked for the purpose of regulating the course of a trial, or obviating the effect of rulings made by a court engaged in trying issues over which it has undoubted jurisdiction. That the respondent court has jurisdiction to determine which of the contending applicants is entitled to letters of administration must be conceded. This being true, then certainly the vital, essential and controlling question to be inquired into is the number of surviving heirs at law and the relationship of each to the decedent, for in no other way could the court determine which of the applicants was entitled to preference under section 1365, Code of Civil Procedure. The questions of heirship and degree of kinship are necessarily involved in every contest between relatives for letters of administration, and if in such contests the trial court erroneously holds that particular facts are relevant and pertinent to the main inquiry, either as a matter of pleading or proof such ruling amounts to no more than a mere error reviewable and correctible through the ordinary remedy of appeal. (*Agassiz* v. *Superior Court,* 90 Cal. 102, [27 Pac. 49]; *Mines d'Or* v. *Superior Court,* 91 Cal. 102, [27 Pac. 532]; *Murphy* v. *Superior Court,* 84 Cal. 596, [24 Pac. 310]; *Maurer* v. *Mitchell,* 53 Cal. 292; *Bandy* v. *Ransom,* 54 Cal. 88; High on Extraordinary Legal Remedies, secs. 767, 767b, 770, 772; Works on Courts and Their Jurisdiction, sec. 81) and "The fact that a

question of jurisdiction arises does not change the rule as to the adequacy of the remedy by appeal'' (*Jacobs* v. *Superior Court,* 133 Cal. 366, [85 Am. St. Rep. 204, 65 Pac. 826].)

One of the pertinent questions involved in the contest between petitioner and Edinger is the relationship of the former to the decedent. If she was decedent's wife at the time of his death, and is otherwise competent, then she is entitled to letters, and if she was not his wife then she is a mere intermeddler. This specific question was before the court for trial and solution, and if the court erred in refusing to strike out that portion of Edinger's answer relating to the mental incompetency of the decedent at the time of the alleged marriage, and is likely to make similar rulings in passing upon the admissibility of evidence relating to such incompetency, we can see no reason for holding that these particular errors of law cannot be as readily and adequately dealt with on appeal as other errors committed during the course of the hearing. The court having jurisdiction to make the rulings, the fact that it may have ruled erroneously does not oust it of jurisdiction. Such errors can be reviewed at the same time and in the same manner as ordinary errors in ordinary cases, and the fact that petitioner elected to base her objections on jurisdictional grounds cannot change the well-settled rule regulating the review and correction of errors of law occurring during the course of a trial. The writ of prohibition will not be issued except in cases of extreme necessity, and it certainly cannot be used for the purpose of regulating the issues in a pending cause and confining them to a particular scope, or to test the correctness of rulings on motions to strike out the whole or any part of a pleading filed in a cause over which the court has complete and unquestioned jurisdiction. To tolerate such a practice would be subversive of the purpose of the writ which is to restrain inferior tribunals and bodies from inflicting wrong under the guise of jurisdiction or authority which has no potential existence. It would invite intolerable delay and annoyance in every case where a jurisdictional question might perchance be incidentally involved, and make this prerogative writ the medium through which appellate courts could exercise supervisory control over inferior tribunals acting within the scope of their legitimate powers. We are not unmindful of cases holding that prohibition will issue even where an appeal lies, if the

delay incident to an appeal will result in irreparable injury or great and useless expense for which petitioner cannot be compensated. But in the case at bar none of these conditions are shown. The court has jurisdiction of the persons of the contending applicants for letters, and of the subject matter of the contest, and even grossly erroneous rulings during the progress of the hearing cannot oust it of jurisdiction nor vest this court with arbitrary power to interfere with and direct the course of such proceedings. The contest must proceed even if the objectionable defense be eliminated, for the propriety and relevancy of other questions raised by Edinger's answer stand unchallenged. The delay incident to such contest, and a probable or possible appeal from the order the court may make at its close, cannot be avoided, and there is no apparent reason for holding that this case falls within the exception to the general rule forbidding interference by prohibition unless urgent necessity demands such course.

The writ is denied.

Chipman, P. J., and Buckles, J., concurred.