[Civ. No. 9670. Second Appellate District, Division Two.—May 24, 1934.]

MARY A. STRUCK, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Ben. F. Griffith and Malcolm Archbald for Petitioner.

Everett W. Mattoon, County Counsel, F. M. Cross, Deputy County Counsel, and A. W. Brunton for Respondents.

CRAIG, J.—Defendants in a civil action having appealed from a judgment in the superior court, the plaintiff after delay in filing the transcript presented therein a motion for an order to terminate its preparation, which motion was denied without prejudice. Thereafter, said motion was renewed, whereupon a stipulation of the parties was entered in the minutes that it be denied on condition that the transcript be filed within thirty days, otherwise that it should be granted. Upon *ex parte* motion and without the defendants' knowledge that said transcript had not been filed, an order was entered terminating the preparation of the record on appeal. Thereafter another attorney was instructed to move the trial court that said order be vacated on the ground of mistake, inadvertence, surprise or excusable neglect, in accordance with the provisions of section 473 of the Code of Civil Procedure. The plaintiff thereupon instituted the instant proceeding in prohibition, seeking to restrain the hearing of such motion, asserting upon information and belief that if heard it will be granted and if granted she will have no plain, speedy or adequate remedy at law. The allegations of the petition herein are denied, and defendants insist that the right of appeal from an order such as prayed below is afforded by section 963 of the Code of Civil Procedure.

That the superior court was invested with jurisdiction to make an order terminating proceedings to procure the record for appeal is unquestioned, and it must be conceded that it has jurisdiction over its orders and power to modify or set them aside. (*Templeton* v. *Superior Court,* 47 Cal. 70; *Estate of Stevens,* 83 Cal. 322 [28 Pac. 379, 17 Am. St. Rep. 252]; *City of Los Angeles* v. *Oliver,* 102 Cal. App. 299 [283 Pac. 298].) Orders relating to the

674

preparation and approval of records in a trial court for purposes of appeal are special orders made after final judgment. (*W. J. Somers Co.* v. *Smith,* 45 Cal. App. 703 [188 Pac. 311].) From such orders the parties aggrieved may appeal. (Code Civ. Proc., sec. 963.) ▮ Where the right of appeal exists and error if any may so be corrected, an application for prohibition will be denied upon the ground that the petitioner has a plain, speedy and adequate remedy at law. (*City of San Bruno* v. *Superior Court,* 171 Cal. 272 [152 Pac. 731]; *Bullard* v. *Superior Court,* 106 Cal. App. 513 [288 Pac. 629].)

The alternative writ of prohibition is discharged and the writ denied.

Stephens, P. J., and Scott, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 22, 1934, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 23, 1934.