[Civ. No. 9072.   First Appellate District, Division One.—December 7, 1934.]

D. W. BURBANK, Respondent, v. CONTINENTAL LIFE INSURANCE COMPANY (a Corporation), Appellant.

Peter tum Suden and Richard tum Suden for Appellant.

Bianchi & Hyman for Respondent.

KNIGHT, J.—Exercising the discretionary power granted by section 473 of the Code of Civil Procedure and on plaintiff's motion, the trial court vacated an order dismissing the above-entitled action and restored for further hearing and determination on the merits the motion for dismissal theretofore made by defendant. The order vacating was based upon findings of inadvertence and mistake, and defendant has appealed therefrom. We find no legal ground warranting interference with the exercise of the trial court's discretion.

The order of dismissal was granted by the court pursuant to a motion made by defendant under the authority of section 583 of the Code of Civil Procedure which at the time these proceedings took place provided: ''The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after answer is filed to bring such action to trial.'' The motion for dismissal came on for hearing on October 17, 1932, at which time the clerk entered a minute order reciting that on that day said motion was ordered submitted for decision; and on November 17, 1932, a second minute order was entered to the effect that said motion having been theretofore submitted, was granted; and on December 2, 1932, the clerk recorded a formal judgment of dismissal in the judgment book. Before the recordation of said judgment, however, and on November 30, 1932, plaintiff served and filed his notice of motion to vacate the minute order of November 17, 1932. The motion was based upon the claim, supported by affidavits, that at the time the motion to dismiss was heard on October 17, 1932, the court stated in substance, as plaintiff (who is an attorney) and his counsel

understood its remarks, that it desired additional counter-affidavits, and that further time would be granted to procure and file the same, following which the order for the submission of the motion to dismiss would be entered; but that before plaintiff procured and filed said additional affidavits the motion to dismiss was granted. Attached to the notice of motion to vacate were the additional counter-affidavits plaintiff had intended to file in opposition to the motion to dismiss. They were made by two attorneys who at different times represented plaintiff prior to the proceedings taken to dismiss the action.

In deciding the motion to vacate, the trial court filed a written opinion (which plaintiff has printed in full in his brief) wherein its views are fully expressed; and afterwards these views were embodied in its final order in the form of findings. It is evident therefrom, and from the statements set forth in the written opinion, that the trial court in effect agreed and to all intents and purposes held that the understanding of plaintiff and his counsel of the remarks made by the court on October 17, 1932, was doubtless justified and well founded. In this regard, in its opinion the court said: "It may be true that this affiant, Bianchi [attorney for plaintiff], understood the court to rule that additional affidavits could be filed on either side, and that when all additional affidavits had been filed the matter would be submitted. The court has no recollection regarding same, and it is possible the court may have made that statement. If so, and the plaintiff was misled in any way thereby into the belief that he would have the opportunity of filing additional affidavits, then the court should vacate the order of dismissal, restore the matter to the calendar for further hearing on the motion to dismiss, and allow both sides to present all necessary and proper affidavits regarding the situation." And in its final order the court declared: "It appearing to said court that the said Minute Order [of dismissal] was the result of, and due entirely to, (1) the inadvertence, mistake and excusable neglect of plaintiff and his counsel with reference particularly to the submission of the matter of the original motion and the filing of additional affidavits in connection therewith, all as more particularly appears in the affidavit of said plaintiff and said counsel and others on file herein, all of which is, in the opinion of the court, entirely excus-

able, and the court so finds; and (2) the court may have inadvertently submitted and decided said motion before plaintiff has an opportunity to file additional affidavits, contrary to the understanding of said counsel and plaintiff; and it now appearing that an injustice would be done said plaintiff if the said Minute Order is allowed to stand, and that the interests of justice would be subserved by a vacation of said Minute Order, and the court believing that it should, in the exercise of its inherent and implied powers vacate said Order, and good cause otherwise appearing therefor: It is hereby ordered, adjudged and decreed that the said Minute Order be, and the same is hereby, recalled, vacated and annulled for all intents and purposes as if the same had never been made, and the original motion of defendant to dismiss said cause is hereby set for hearing for January 23, 1933.''

It is well settled that the authority to grant relief under section 473 of the Code of Civil Procedure rests in the sound discretion of the trial court; that its decision will not be disturbed in the absence of a clear showing of an abuse in the exercise of such discretion (14 Cal. Jur. 1072); and that the burden is upon the appellant to show as a matter of law that such discretion has been abused (*Kalson* v. *Percival,* 217 Cal. 568 [20 Pac. (2d) 330]).

Furthermore, it has been the fixed policy of the law always to allow a controversy to be tried and determined on its merits (*Kalson* v. *Percival, supra*); and to that end the appellate tribunals are disposed to affirm an order to that effect (*Waybright* v. *Anderson,* 200 Cal. 374 [253 Pac. 148]), and in determining an appeal from such an order will resolve any doubts in favor of the applicant for such relief (*Waite* v. *Southern Pacific Co.,* 192 Cal. 467 [221 Pac. 204]; *Gorman* v. *California Transit Co.,* 199 Cal. 246 [248 Pac. 923]; *Brill* v. *Fox,* 211 Cal. 739 [297 Pac. 25]).

Moreover, it is well settled that independent of statutory provisions a trial court has the inherent power on its own motion to correct mistakes in its proceedings and within a reasonable time to annul its orders and judgments inadvertently made (*Robson* v. *Superior Court,* 171 Cal. 588 [154 Pac. 8]; *Harris* v. *Minnesota Investment Co.,* 89 Cal. App. 396 [265 Pac. 306]; *Consolidated Construction Co.* v. *Pacific Electric Ry. Co.,* 184 Cal. 244 [193 Pac. 238]). As said in Freeman on Judgments (vol. 1, p. 432), such in-

advertent or improvident acts are a species of irregularity and are exceptions to the general rule as to erroneous judgments.

■ Applying the foregoing legal rules to the situation here presented, we are not prepared to hold that in annulling the order of dismissal and restoring the motion therefor for further hearing and determination the trial court transcended or abused the discretionary power conferred upon it by said section 473.

■ Defendant makes the contention that in any event plaintiff's failure under the circumstances stated by him in his affidavits to procure and file the additional counteraffidavits within a period of one month following the hearing on October 17, 1932, amounted to inexcusable neglect as a matter of law, and that therefore it was beyond the discretionary power of the trial court to relieve him therefrom. We find no merit in the contention. As will be observed, the relief was granted upon the ground that there had been a misunderstanding as to the entry of the order for the submission of the motion to dismiss which resulted in depriving plaintiff of the opportunity to present all of his evidence in opposition to said motion; and consequently the question of the reasonableness of the delay in procuring said additional affidavits was not important; but even assuming that it was an important factor, an issue of fact was presented thereby upon which the trial court's determination in the light of all the existing circumstances and in the exercise of sound discretion is doubtless binding. Nor are we able to agree that the technical analysis to which defendant has subjected the averments of plaintiff's supporting affidavits proves that said affidavits are insufficient as matter of law to justify the granting of any relief thereon. The remaining points urged for reversal are incidental merely to those already discussed, and therefore are likewise without merit.

The order appealed from is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 4, 1935.