[S. F. No. 15845. In Bank.—July 14, 1937.]

STATE BOARD OF EQUALIZATION, etc., et al., Petitioners, v. SUPERIOR COURT OF SHASTA COUNTY et al., Respondents.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Petitioners.

Chenoweth & Leininger for Respondents.

SHENK, J.—This is an application for a writ of prohibition to restrain the respondent Superior Court from taking further action in a proceeding before it in which an order of the State Board of Equalization revoking certain liquor licenses in the city of Redding was reviewed and annulled.

· The order of the board was made on March 23, 1937. On the following day, A. C. Bell, the licensee, filed in the respondent court a petition for a writ of review on the ground that the board had exceeded its jurisdiction in revoking said li-

censes. The writ was issued. The board filed a demurrer to the petition challenging the jurisdiction of the court to entertain a proceeding in *certiorari* against the board. No other return to the writ was made. The court overruled the demurrer and on March 31st entered judgment annulling the order of the board and reinstating the licenses. To the present petition in prohibition, filed on April 6th, the respondents have interposed a demurrer on the ground that said petition shows that the judgment entered on March 31st was a final judgment; that no judicial or other act is to be performed by the respondent court, and that the petitioners herein have a plain, speedy and adequate remedy by an appeal from said judgment.

 It is the law of this state that the writ of prohibition will lie only when the inferior tribunal is about to perform some judicial act unauthorized by law. "It is a preventive, rather than a corrective, remedy, and issues only to restrain the commission of a future act and not to undo an act already performed." (*Traffic Truck Sales Co.* v. *Justice's Court*, 192 Cal. 377 [220 Pac. 306, 308], and cases there cited.)

The foregoing rule is applicable to this proceeding for the reason that it appears beyond dispute that the respondent court had acted in the matter complained of before the filing of the petition herein, and that no further action of the court with reference thereto is contemplated.

 The petitioners, conceding the controlling force of the rule, nevertheless contend that under the prayer for general relief this court should grant the relief to which the petitioners appear on the record to be entitled (citing *Van Hoosear* v. *Railroad Com.*, 189 Cal. 228 [207 Pac. 903], and other cases to like effect); that the facts stated in the petition show that *certiorari* is the appropriate remedy and that the judgment of the respondent court should be annulled for the reason that the State Board of Equalization in acting pursuant to the Alcoholic Beverage Control Act (Stats. 1933, p. 1697), does not exercise judicial functions, and therefore that *certiorari* will not lie to review its actions in the premises. (Citing *Standard Oil Co.* v. *State Board of Equalization*, 6 Cal. (2d) 557 [59 Pac. (2d) 119] and *Whitten* v. *State Board of Optometry*, 8 Cal. (2d) 444 [65 Pac. (2d) 1296].)

Since the petitioners have not stated a case in prohibition, it remains to determine whether they are entitled, as they specifically request, to an annulment of the judgment in *cer-*

*tiorari.* Whether this relief may be granted depends on whether, on the record, *certiorari* would lie. The respondents insist that it would not because there was an appeal from the judgment of March 31st. That said judgment was appealable cannot be questioned, and the petitioner frankly concedes that if this were an original application for a writ of review the respondent's contention would present much merit. But they say the contention is unavailing for two reasons, first, because this is not such an original application but is an application for approprate relief in a case where the relief originally requested is not the proper relief; and secondly, that the remedy by appeal is totally inadequate.

The position of the petitioners is in substance that, although they would have no standing in a proceeding in *certiorari* in the first instance, yet by applying for a writ of prohibition, the issuance of which the facts would not justify, they would be entitled to relief in *certiorari* under their prayer for general relief even though an appeal was available from the order or judgment complained of. This result, if permitted, would appear to be a perversion of the rule that *certiorari* will not lie where there is an appeal. If an appeal is available a proceeding in *certiorari* is just as unavailing in the one case as in the other. In other words, if *certiorari* originally applied for would not lie because an appeal was available, a proceeding in prohibition could not properly be converted into a proceeding in *certiorari* and thus avoid the rule.

Finally, as to the contention of the petitioners that the remedy by appeal would be totally inadequate, it is the general rule that *certiorari* will not lie to review an appealable order or judgment either before or after the expiration of the time limited by law for appealing therefrom. (*McCue* v. *Superior Court,* 71 Cal. 545 [12 Pac. 615]; 4 Cal. Jur., p. 1055.) No special circumstances appear why the general rule should not apply. (See *Grinbaum* v. *Superior Court,* 192 Cal. 528, 529 [221 Pac. 635].) The mere fact that the order or judgment is appealable is determinative. "That the appeal does not afford a plain, speedy, and adequate remedy makes no difference; the provision of the statute governs." (*Stoddard* v. *Superior Court,* 108 Cal. 303 [41 Pac. 278, 279].) Again, upon an appeal from the judgment here complained of, a *supersedeas,* if necessary to stay the

judgment, could have issued for the reason that said judgment assumed affirmatively to reinstate said licenses.

The peremptory writ is denied.

Curtis, J., Edmonds, J., Langdon, J., and Seawell, J., concurred.