[L. A. No. 16264. In Bank.—August 24, 1937.]

BIG JIM MINES, INC. (a Corporation), et al., Petitioners,
v. THE SUPERIOR COURT OF LOS ANGELES
COUNTY, Respondent.

Emmett A. Tompkins for Petitioners.

Everett W. Mattoon, County Counsel, Douglas De Coster,
Chief Deputy County Counsel, and Paul E. Iverson for Re-
spondent.

EDMONDS, J.—Big Jim Mines, Inc., a corporation, its di-
rectors and its general manager, seek a writ of prohibition
directed to the respondent court. The petitioners allege that
Big Jim Mines, Inc., is a corporation organized and existing
under the laws of the state of Arizona; that "the stockholders,
at Phoenix, Arizona, voted a one-half cent assessment" upon

all of the stock of the corporation issued and outstanding; that certain stockholders of the corporation then brought an action in the respondent court to restrain the collection of the assessment; and that after trial the court ''made and entered a judgment in favor of plaintiffs and against the defendants restraining said assessment, and restraining ·petitioners from taking any further steps with the internal affairs and management of'' the corporation.

In response to an alternative writ of prohibition issued by this court the respondents have presented a general demurrer to the petition for the writ and an answer thereto. The demurrer must be sustained as the allegations of the petition show that the petitioners are not entitled to the relief demanded. ▪▪▪ The writ of prohibition cannot be used to review proceedings already completed. Its function is to prevent the performance of judicial acts. It does not lie after judgment is entered where there are no further judicial acts to be performed. (*State Board of Equalization* v. *Superior Court, ante,* p. 252 [70 Pac. (2d) 482]; *Traffic Truck Sales Co.* v. *Justice's Court,* 192 Cal. 377 [220 Pac. 306].) ▪▪▪ While the petitioners by this proceeding attempt to prohibit the respondent court ''from making any other orders or judgments affecting petitioners herein based upon the allegations or prayer of the complaint'' in the action referred to, the petition clearly shows that the judgment which has been entered is a final judgment from which an appeal will lie and there is no claim that any further action by the respondent court is contemplated.

The petition is denied and the alternative writ is discharged.

Langdon, J., Curtis, J., Seawell, J., and Nourse, J., *pro tem.,* concurred.