[L. A. No. 21653.   In Bank.   Dec. 15, 1950.]

THE CITY OF SAN DIEGO, Petitioner, v. THE SUPERIOR COURT OF SAN DIEGO COUNTY et al., Respondents.

J. F. DuPaul, City Attorney, Douglas D. Deaper and Thomas J. Fanning, Deputy City Attorneys, for Petitioner.

Warren E. Libby and Harry A. Chamberlin for Respondents and Real Parties in Interest.

TRAYNOR, J.—The city of San Diego seeks a writ of prohibition to restrain the superior court from proceeding with the trial of a condemnation action pursuant to an order vacating part of an earlier order. The case is presented on demurrer by two of the defendants in the condemnation action, as real parties in interest, who are hereinafter referred to as respondents.

On December 14, 1945, the city brought an action to condemn certain land needed in the development of Mission Bay Park in the Mission Bay area of the city. Respondents owned realty included among the large number of parcels involved. Summons on the complaint was issued on December 14, 1945, and served on respondents on July 31, 1946. Default was entered against them on December 12, 1946, and a default judgment was entered on December 13, 1946. It was adjudged that the value of the property was $18,000 on December 14, 1945, and petitioner deposited this amount in court.

On May 9, 1947, respondents filed notice of a motion to set aside the default and judgment on the grounds that they were entered "prematurely and without authority of law" and "through the mistake, inadvertence, surprise, and excusable neglect of defendants." Before and during the hearing on the motion to vacate the judgment, the city offered to stipulate that the judgment be vacated and respondents allowed a trial on the issue of necessity, if the order also contained a provision that the damages be determined as of December 14, 1945, the date the summons was issued. This offer was based on sections 473 and 1249 of the Code of Civil Procedure. Under section 473, "The court may, *upon such terms as may be just,* relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect." (Italics added.) Section 1249 provides: "For the

purpose of assessing compensation and damages the right thereof shall be deemed to have accrued at the date of the issuance of summons and its actual value at that date shall be the measure of compensation for all property to be taken, . . . provided, that in any case in which the issue is not tried within one year after the date of the commencement of the action, unless the delay is caused by the defendant, the compensation and damages shall be deemed to have accrued at the date of the trial. . . .'' By the offer to stipulate the city sought to preserve its right to have the damages assessed as of the date of the issuance of summons. Respondents apparently refused so to stipulate, since there was a full hearing and argument on the motion to vacate. On May 26, 1947, after that hearing, an order vacating the default and judgment was entered. The order also provided: ''It is further ordered that the market value and damages [of this land], upon the trial of said action, shall be determined and fixed as of December 14, 1945.''

Nearly three years later, on March 6, 1950, respondents filed notice of a motion to amend the order vacating the judgment by striking the part settling the date at which the property was to be valued, on the ground that this part of the order ''was and is erroneous, contrary to law, and beyond the power of the court.'' The motion was denied by the judge who made the original order without prejudice to its renewal at the time of trial. The motion was renewed at that time before another judge who, after a hearing, granted it on March 28, 1950. Petitioner now seeks a writ of prohibition to prevent the trial court from proceeding to try the action on a theory of damages other than that established by the original order relieving respondents from default.

■ The writ of prohibition will not issue when there is a plain, speedy, and adequate remedy in the ordinary course of law. (Code Civ. Proc., § 1103.) It is settled, however, that the remedy in the ordinary course of law by an appeal from the judgment at the end of the trial is not adequate when the court has no jurisdiction to proceed with the action and no appeal is available before final judgment. (*Tomales Bay etc. Corp.* v. *Superior Court,* 35 Cal.2d 389, 392 [217 P.2d 968].) It is necessary to determine therefore whether the city could have appealed from the order modifying the order vacating the default judgment, and if not, whether the court is without jurisdiction to proceed with the trial of the

action on a theory of damages other than that specified in the first order.

The default judgment was vacated by the order of May 26, 1947, and accordingly, since there was no longer any final judgment in the action the order of March 28, 1950, was not appealable as a special order after final judgment. (*Sharp* v. *Miller*, 66 Cal. 98 [4 P. 1065] ; cf. *Schubert* v. *Bates*, 30 Cal.2d 785, 788-789 [185 P.2d 793].) It could be reviewed by appeal only on an appeal from the subsequent final judgment. Moreover, to be appealable as a special order made after final judgment within the meaning of section 963 of the Code of Civil Procedure, an order must affect the judgment in some way. (*Williams* v. *Superior Court*, 14 Cal. 2d 656, 666 [96 P.2d 334].) The order of March 28, 1950, did not affect the default judgment but accepted its vacation three years earlier.

Respondents contend that the order fixing the date as of which damages should be measured was merely a procedural ruling made during the course of the action and that therefore the court had jurisdiction to modify it at any time before final judgment. (See, *City of Los Angeles* v. *Oliver*, 102 Cal.App. 299, 325-326 [283 P. 298] ; *De la Beckwith* v. *Superior Court*, 146 Cal. 496, 499 [80 P. 717] ; *Harth* v. *Ten Eyck*, 16 Cal.2d 829, 833 [108 P.2d 675].) In the present case, however, the order fixing the date as of which damages would be assessed was not merely a procedural order made during the course of the trial; it was an integral part of an order vacating a judgment under section 473 of the Code of Civil Procedure specifying the terms upon which such relief would be granted.

The order settled a major issue between the parties, namely, the basis on which the value of the property is to be determined. Respondents had moved to vacate the default judgment, and the trial court, in an exercise of its discretion, relieved respondents of default as to the issue of the propriety of the taking, but in effect held that because of the delay caused by respondents the city was entitled under section 1249 of the Code of Civil Procedure to obtain the land at its value at the date of the issuance of summons. The court's decision was arrived at after considering the conflicting claims in the affidavits and counteraffidavits of the parties, its power to limit the issues of a trial granted under section 473, and the provisions of section 1249 as to the date of valuation. The part of the order limiting the issues of the trial was an

exercise of judicial discretion and was not entered by inadvertence or clerical error. If respondents were dissatisfied with the refusal of the court unconditionally to vacate the default judgment, their remedy was by appeal from that order (Code Civ. Proc., §§ 938, 963; *Coan* v. *Superior Court*, 14 Cal.2d 591 [95 P.2d 931]; see, *Maxwell Hardware Co* v. *Foster*, 207 Cal. 167, 170 [277 P. 327]) but they did not avail themselves of it. In fact they raised no objection for nearly three years, and then attacked only a part of the order solely on the ground that it was legally erroneous. This was an attempt to correct a claimed judicial error. The record is clear that the city did not consent to the modification. (*Cf.*, *Phelan* v. *Superior Court*, 35 Cal.2d 363, 373 [217 P.2d 951].)

"[J]udicial error which occurs in the rendition of orders or judgments which are the fault of an exercise of judicial discretion may not be corrected except by statutory procedure," as for example, under sections 473 and 663 of the Code of Civil Procedure (*Phillips* v. *Trusheim*, 25 Cal.2d 913, 916 [156 P.2d 25]; *Barlow* v. *City Council of Inglewood*, 32 Cal.2d 688 [197 P.2d 721]; *Bastajian* v. *Brown*, 19 Cal.2d 209 [120 P.2d 9]; *Most Worshipful Lodge* v. *Sons etc. Lodge*, 91 Cal.App.2d 582 [205 P.2d 722].) "The decisions of this court are numerous and uniform to the effect that a judgment or order once regularly entered can be reviewed and set aside only in the modes prescribed by statute. . . . [S]ubject to these exceptions [inadvertence and clerical error] the order is reviewable only on appeal, and the decision of the trial court having been once made after regular submission of the motion its power is exhausted—it is *functus officio*. [Citations.]" (*Holtum* v. *Grief*, 144 Cal. 521, 524-525 [78 P. 11]; *Bowman* v. *Bowman*, 29 Cal.2d 808, 813-814 [178 P.2d 751, 170 A.L.R. 246].)

 Respondents contend, however, that even if the order of 1950 is void, it is a completed judicial act and therefore prohibition will not lie to review its validity. (See, *Big Jim Mines* v. *Superior Court*, 9 Cal.2d 503, 504 [71 P.2d 67]; *State Bd. of Equalization* v. *Superior Court*, 9 Cal.2d 252, 254 [70 P.2d 482].) The writ is not sought, however, to review that order but to prevent the trial court from proceeding to trial upon all issues despite the express limitation in the original order that one of the main issues was settled and was not to be further litigated. Since it is further judicial action based

upon a void order that petitioner seeks to restrain, prohibition is a proper remedy. (*Hunter* v. *Superior Court,* 36 Cal.App.2d 100, 110 [97 P.2d 492]; *Stevens* v. *Superior Court,* 7 Cal.2d 110 [59 P.2d 988].)

Let the peremptory writ issue as prayed.

Gibson, C. J., Shenk, J., Edmonds, J., and Spence, J., concurred.

CARTER, J.—I dissent.

The majority opinion is based on the following reasoning: The order vacating the judgment, entered pursuant to the motion made under section 473 of the Code of Civil Procedure, which contained a provision fixing the time for determining the value of the property, could not be vacated or modified —that is, the court lacked *jurisdiction* to do so. Therefore, the order striking out such provision was void. Being void, the trial court had no jurisdiction to proceed with the trial of the case in reliance upon said void order. Hence prohibition,—a jurisdictional writ, was proper; that the court had no jurisdiction other than to follow the provision fixing time for determining value in the vacating order. That reasoning is squarely contrary to *Phelan* v. *Superior Court,* 35 Cal.2d 363 [217 P.2d 951], where the trial court in its order denying a motion for a new trial ordered the judgment reduced in amount. This is similar to the provision fixing time for determining value in the vacating order in the instant case. This court after stating in the Phelan case that mandamus is not available until a request is made to the trial court to correct its error, said: ''In the present case petitioner *could have* made a motion under section 473 of the Code of Civil Procedure to vacate the *portion of the order claimed to be invalid.* Instead of making such motion petitioner waited until after the time for appeal had passed and then filed this application for writ of mandate, without ever having presented the matter to the trial court. There is no showing that the question was raised in any manner before the trial court or that it would have been futile to do so.'' (Emphasis added.) (*Phelan* v. *Superior Court,* 35 Cal.2d 363, 372 [217 P.2d 951].) If the claimed invalid part of the order could there be eliminated by the trial court, it had *jurisdiction* to do so. There, as here, the trial court had *jurisdiction* under section 473 to consider the question of whether the provision fixing the time for determining value—the claimed invalid

portion of the vacating order, should be eliminated. Having jurisdiction, its order striking out such invalid provision was not void, and constituted nothing more than error made in the exercise of its jurisdiction.

It has been repeatedly held that a trial court has jurisdiction to vacate or modify a previous order made by it, even though the prior order is final and appealable. (*Harth* v. *Ten Eyck,* 16 Cal.2d 829 [108 P.2d 675]; *De la Beckwith* v. *Superior Court,* 146 Cal. 496 [80 P. 717]; *Imperial Beverage Co.* v. *Superior Court,* 24 Cal.2d 627 [150 P.2d 881]; *Key System Transit Lines* v. *Superior Court, ante,* p. 184 [222 P.2d 867]; *People* v. *Eggers,* 30 Cal.2d 676 [185 P.2d 1].) For illustration it is said in the Imperial Beverage Co. case (p. 634): "It is further contended that the order denying the first motion for a stay is *res judicata* as to the subsequent motion. While the plea of *res judicata* may be a good defense to an action in which it is interposed, it *does not deprive* the court of jurisdiction over the action nor does it deprive the *court of jurisdiction* to pass upon and decide a motion after it has previously decided a like motion. Its action upon the second motion may be erroneous, but it is *not in excess of jurisdiction.* (*Harth* v. *Ten Eyck,* 16 Cal.2d 829, 832 [108 P.2d 675].)" If a court can hear and determine a motion where the identical motion was previously made and denied by a final order, it certainly has jurisdiction to hear and determine a motion to modify the first order. In the Key System case, *supra,* a motion to dismiss an action for failure to prosecute was granted. Thereafter, on plaintiff's motion, an order was made vacating the order of dismissal. The same grounds existed in each case before the first motion. In denying prohibition, which was sought to prevent the court from proceeding with the trial, because the court lacked jurisdiction to make the second order, two members of this court said (p. 186): "The arguments of the petitioner invoke application of the policy requiring finality of judgments and orders. That policy generally controls where a judgment or order is entered after a trial on the merits of the litigation. . . . But the policy has not been deemed controlling where the judgment or order set aside was in the exercise of a discretionary power not based on the merits of the action. . . . In giving effect to that policy appellate courts have generally *refrained* from interfering on *jurisdictional* grounds with the *trial court's reconsideration of a discretionary order not based*

*on the merits of the litigation.* (See, *Kenney* v. *Kelleher,* 63 Cal. 442; *De la Beckwith* v. *Superior Court,* 146 Cal. 496 [80 P. 717]; *Glougie* v. *Superior Court,* 169 Cal. 675 [147 P. 927]; *Harth* v. *Ten Eyck,* 16 Cal.2d 829 [108 P.2d 675]; *McDonald* v. *Severy,* 6 Cal.2d 629, 631 [59 P.2d 98]; *Watkins* v. *McCartney,* 70 Cal.App. 137 [232 P. 982].)'' (Emphasis added.) The court said in *People* v. *Eggers, supra,* 692: ''Section 1026 of the Penal Code authorizes a separate trial upon the issue of insanity and specifically authorizes the court, in its discretion, to retain or dismiss the jury which tried the first action. The direction to retain the first jury is denominated an order (Code Civ. Proc., § 1003) and every court has power to amend and control its orders so as to make them conformable to law and justice. (Code Civ. Proc., § 128, subd. 8.) Unquestionably, the trial court was invested with jurisdiction to make an order retaining the jury, and it must be conceded that *it has jurisdiction to modify, revoke, or set its orders aside.* (*Imperial Beverage Co.* v. *Superior Court,* 24 Cal.2d 627 [150 P.2d 881]; *Harth* v. *Ten Eyck,* 16 Cal.2d 829 [108 P.2d 675]; *De la Beckwith* v. *Superior Court,* 146 Cal. 496 [80 P. 717]; *Burbank* v. *Continental Life Ins. Co.,* 2 Cal.App. 2d 664 [38 P.2d 451]; *Struck* v. *Superior Court,* 138 Cal.App. 672 [32 P.2d 1110]; *City of Los Angeles* v. *Oliver,* 102 Cal. App. 299 [283 P. 298].) The rule stated in *De la Beckwith* v. *Superior Court, supra* (p. 499), is as follows: 'It is a most common occurrence for a trial court to change its rulings during the progress of a trial, upon questions of law, and no one would contend that it is not within its power to do so, or that it should not do so when satisfied that the former ruling was erroneous.' '' (Emphasis added.) It is true there are some cases to the contrary (see *Phillips* v. *Truesheim,* 25 Cal.2d 913 [156 P.2d 25]) but there are more in accord with the view of the cases cited above.

Furthermore, it should be pointed out that the motion to strike the provision fixing time for determining value in the vacating order was based on the ground that it was erroneous *and* was *beyond the power of the court* to make. The order granting the motion mentions no ground. It must be presumed, therefore, that it was made under section 473 of the Code of Civil Procedure, on the ground that it was void on its face. (See concurring opinion of Gibson, C. J., and Schauer, J. in *Key System Transit Lines* v. *Superior Court, supra; Phelan* v. *Superior Court, supra.*) If the provision fixing time for determining value in the vacating order was

not void the result is not different for the court had statutory jurisdiction (Code Civ. Proc., § 473) to determine whether it was void.

In reality the provision fixing time for determining value in the vacating order was nothing more than a procedural step in the process of the trial of the eminent domain proceeding. By it the court merely made an order by which the law *for the trial* was stated. If it had made a ruling at the opening of the trial that the value of the property would be determined as of a certain date, prohibition would not lie to prevent the court from proceeding with the trial. If, when evidence was offered as to the value of the property at a particular time, and objection was made, the ruling on that objection, right or wrong, would not have authorized prohibition to prevent the court from proceeding further with the trial. It is said in *Johnston* v. *Superior Court*, 4 Cal.App. 90, 93 [87 P. 211]: "The court having jurisdiction to make the rulings, the fact that it may have ruled erroneously does not oust it of jurisdiction. Such errors can be reviewed at the same time and in the same manner as ordinary errors in ordinary cases, and the fact that petitioner elected to base her objections on jurisdictional grounds cannot change the well-settled rule regulating the review and correction of errors of law occurring during the course of a trial. The writ of prohibition will not be issued except in cases of extreme necessity, and it certainly cannot be used for the purpose of regulating the issues in a pending cause and confining them to a particular scope, or to test the correctness of rulings on motions to strike out the whole or any part of a pleading filed in a cause over which the court has complete and unquestioned jurisdiction. To tolerate such a practice would be subversive of the purpose of the writ which is to restrain inferior tribunals and bodies from inflicting wrong under the guise of jurisdiction or authority which has no potential existence. It would invite intolerable delay and annoyance in every case where a jurisdictional question might perchance be incidentally involved, and make this prerogative writ the medium through which appellate courts could exercise supervisory control over inferior tribunals acting within the scope of their legitimate powers."

The Superior Court of San Diego County unquestionably has jurisdiction over the parties and the subject matter of the action here involved. Having such jurisdiction, it has

power and authority to proceed and dispose of the case—hear and determine the issues—even though it may do so erroneously. If the holding in the majority opinion is sound—that the court is without jurisdiction to proceed with the trial of this case because it struck out the provision in the order vacating the judgment fixing the time for determining the value of the property, then, if this writ had not been sought, and the case had proceeded to judgment, the judgment would be void and subject to collateral attack. There can be no escape from this conclusion, because, if there is any settled law in this country, it is, that in order for a court to render a valid judgment, it must have jurisdiction to hear and determine the cause. (7 Cal.Jur. 594; 8 Cal.Jur. 858; 15 Cal,Jur. 52; 31 Am.Jur., Judgments, § 406.) The majority say, in effect, that the court has no jurisdiction to permit the parties to introduce evidence as to the value of the property at any time other than the date on which summons was issued. Would the majority have held the same way if the provision fixing time for determining value had not been stricken from the order vacating the judgment, but the trial judge had disregarded such provision and allowed evidence of value as of the date of the trial without so advising counsel prior to the trial? Would the majority grant a writ of prohibition and interrupt the trial or hold the judgment void and subject to collateral attack if no such writ were sought during the trial but certiorari was sought after the time for appeal had expired? If these questions are answered in the affirmative, the majority will usher in a new era in the use of prerogative writs heretofore unheard of or even imagined, and the arduous labors of the Chief Justice in attempting to clarify the law on this subject will be dissipated and come to naught. (See *Phelan* v. *Superior Court,* 35 Cal.2d 363 [217 P.2d 951]; *Robinson* v. *Superior Court,* 35 Cal.2d 379 [218 P.2d 10]; *Tomales Bay etc. Corp.* v. *Superior Court,* 35 Cal.2d 389 [217 P.2d 968].)

I would deny the writ of prohibition sought in this case.

Schauer, J., concurred.

Respondent's and Real Parties' in Interest petition for a rehearing was denied January 11, 1951. Carter, J., and Schauer, J., voted for a rehearing.