[S. F. No. 20579. In Bank. Feb. 16, 1961.]

CLARENCE O. GREENE, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; RENEE S. GREENE, Real Party in Interest.

Jack Miller, Kroloff, Brown, Belcher & Smart and Duncan Davidson for Petitioner.

No appearance for Respondent.

Bert W. Hirschberg for Real Party in Interest.

TRAYNOR, J.—In February 1959 a Nevada court granted Mrs. Renee S. Greene a final decree of divorce from Clarence O. Greene, petitioner herein. The decree incorporated a property settlement agreement of the parties, which provides among other things for payments to Mrs. Greene of $600 a month. In March of 1960 petitioner sought a modification of the Nevada decree in the Superior Court of San Joaquin County. He alleged that because of changed circumstances he was unable to make the $600 monthly payments and moved for an order pendente lite reducing the payments to $200 a month. By a default minute order of April 28, 1960, the motion to reduce the payments pendente lite was granted. On June 16, 1960, a motion for change of venue by Mrs. Greene was granted and the cause transferred to the Superior Court for the City and County of San Francisco. On July 20, 1960, Mrs. Greene moved in that court to vacate the order reducing the payments pendente lite. The motion was granted on the ground that the pendente lite order ''was and is beyond the authority of the Court.'' Petitioner sought a writ of prohibition or other appropriate writ to set aside the vacation of the order reducing the monthly payments and to restrain the

San Francisco court from proceeding further in the cause. We issued an alternative writ of prohibition.

It is contended that an appeal from an order vacating an appealable order is an adequate remedy. (*Colby* v. *Pierce*, 15 Cal.App.2d 723, 724-725 [59 P.2d 1046].) The absence of another adequate remedy, however, was determined when we granted the alternative writ. (*City & County of San Francisco* v. *Superior Court*, 53 Cal.2d 236, 243 [347 P.2d 294].)

After a change of venue a court of coordinate jurisdiction has the power to vacate the orders of the court of original venue. (*Ross* v. *Murphy*, 113 Cal.App.2d 453, 455 [248 P.2d 122].) The power to vacate, however, is no greater than that which the original court possessed.

Mrs. Greene moved to vacate the order reducing payments pendente lite on the ground that the San Joaquin court had no jurisdiction to make such an order. She contends, not that the court lacked personal or subject-matter jurisdiction, but that the Nevada divorce decree was nonmodifiable in Nevada and that the San Joaquin court exceeded its jurisdiction in reducing the payments thereunder in violation of the full faith and credit and due process clauses of the United States Constitution.

We do not reach the question whether the reduction in payments was erroneous. Even if it was, the motion to vacate was an improper remedy. An order granting or denying temporary alimony is not merely a procedural ruling made during the course of the action that the court may reconsider at any time before final judgment (see *City of Los Angeles* v. *Oliver*, 102 Cal.App. 299, 325-326 [283 P. 298]; *De la Beckwith* v. *Superior Court*, 146 Cal. 496, 499-500 [80 P. 717]; *Harth* v. *Ten Eyck*, 16 Cal.2d 829, 832-833 [108 P.2d 675]), but is directly appealable as a final judgment independently of the main action. (*Lincoln* v. *Superior Court*, 22 Cal.2d 304, 310 [139 P.2d 13].) It also may be directly attacked in the trial court under section 473 of the Code of Civil Procedure on the grounds of mistake, inadvertence, surprise, or excusable neglect or that it is void. Although the trial court can correct its own inadvertence or clerical error (*Phillips* v. *Trusheim*, 25 Cal.2d 913, 916 [156 P.2d 25]), or set aside a judgment or order obtained by extrinsic fraud (*McGuinness* v. *Superior Court*, 196 Cal. 222, 230-232 [237 P. 42, 40 A.L.R. 1110]), it can correct judicial error only on a motion for new trial (*Carney* v. *Simmonds*, 49 Cal.2d 84, 90-91 [315 P.2d 305]) or on a motion under

section 663 of the Code of Civil Procedure to vacate the order or judgment and enter a different one.

 Even if the order of the San Joaquin court violated the full faith and credit clause, it was not void (*Treinies* v. *Sunshine Min. Co.*, 308 U.S. 66, 78 [60 S.Ct. 44, 84 L.Ed. 85]), and since the San Francisco court did not vacate that order pursuant to any of its other powers stated above, it exceeded its jurisdiction in so doing. (*City of San Diego* v. *Superior Court*, 36 Cal.2d 483, 486-487 [224 P.2d 685]; *Barlow* v. *City Council of the City of Englewood*, 32 Cal.2d 688, 692-693 [197 P.2d 721]; *Bowman* v. *Bowman*, 29 Cal.2d 808, 814-815 [178 P.2d 751, 170 A.L.R. 246]; *Phillips* v. *Trusheim*, 25 Cal.2d 913, 916 [156 P.2d 25]; *Bastajian* v. *Brown*, 19 Cal.2d 209, 214 [120 P.2d 9]; *Holtum* v. *Grief*, 144 Cal. 521, 524-525 [78 P. 11].) Although prohibition will not lie to review the validity of a complete judicial act, it is a proper remedy to prevent further judicial action based upon a void order. (*City of San Diego* v. *Superior Court*, 36 Cal.2d 483, 487-488 [224 P.2d 685].)

Let the peremptory writ issue prohibiting respondent court from giving effect to its order setting aside the order of the Superior Court of San Joaquin County.

Gibson, C. J., Schauer, J., McComb, J., Peters, J., White, J., and Dooling, J., concurred.

The petition of the real party in interest for a rehearing was denied March 15, 1961.